IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00097-PAB-NYW

YOLANDA BEASLEY,
KIMBERLY SHEARS-BARNES,
SHENEEQUA CARRINGTON, and
JOLYNN FROST, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

TTEC SERVICES CORPORATION,

    Defendant.

## ORDER

This matter is before the Court on the Unopposed Motion to Consolidate Actions and Set Scheduling Deadlines [Docket No. 14], wherein plaintiffs requests an order consolidating this case with *Anderson v. TTEC Services Corporation*, No. 22-cv-00347-NRN. The *Anderson* plaintiffs join in the motion; defendant does not oppose the motion. Docket No. 14 at 1, 2 n.1.

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux*

*v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Plaintiffs assert that the two cases involve common questions of law and fact. Docket No. 14 at 2.  Both cases assert a putative class of persons whose personal information was compromised in a data breach.  *Beasley* proposes to define the class as "[a]ll United States residents whose [personally identifiable information] was compromised in the Data Breach first detected by TTEC Services Corporation on or before September 12, 2021 (the 'Nationwide Class')."  Docket No. 1 at 37-38. *Anderson* proposes to define the class as "[a]ll persons whose Private Information was maintained on Defendant TTEC's computer systems that were compromised in the Data Breach, and who were sent Notice of the Data Breach."  *Anderson*, No. 22-cv-00347-NRN, Docket No. 1 at 23.  Plaintiffs contend that consolidation is warranted because both cases require proof of the same basic facts.  Docket No. 14 at 4.

The Court agrees that consolidation is warranted.  Because these cases involve the same underlying facts and the same defendant, it is in the interest of judicial economy and efficiency to have these cases heard by the same judge.  *See Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *2 (D. Colo. Feb. 24, 2009) ("The interest of judicial economy is unquestionably served by consolidation in this instance because it will eliminate the need for various judicial

officers to address and rule on substantially the same issues in three different cases. Similarly, defendants stand to benefit from responding to filings in only one case rather than [two]."). The unopposed motion to consolidate will be granted. The Court will additionally order that future cases arising out of the same facts shall be consolidated with this case.

Wherefore, it is

**ORDERED** that the Unopposed Motion to Consolidate Actions and Set Scheduling Deadlines [Docket No. 14] is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 22-cv-00097-PAB-NYW and 22-cv-00347-NRN shall be consolidated. It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 42.1, Civil Action No. 22-cv-00347-NRN shall be assigned to Chief Judge Philip A. Brimmer. It is further

**ORDERED** that Civil Action No. 22-cv-00347-NRN shall hereafter be referred to the magistrate judge assigned to the lowest numbered case, Magistrate Judge Nina Y. Wang. It is further

**ORDERED** that the Court adopts plaintiffs' proposed deadlines for the filing of the amended consolidated complaint, defendant's response, and plaintiffs' reply. Plaintiffs shall file an amended consolidated complaint within ten days of the entry of this order; defendant shall file a responsive pleading within thirty days of the filing of the amended consolidated complaint; plaintiffs shall reply within thirty days of defendant's responsive pleading. It is further

**ORDERED** that all pleadings shall be filed in this case only and shall be captioned as follows:

Civil Action No. 22-cv-00097-PAB-NYW
  (Consolidated with Civil Action No. 22-cv-00347-NRN)

Civil Action No. 22-cv-00097-PAB-NYW

YOLANDA BEASLEY,
KIMBERLY SHEARS-BARNES,
SHENEEQUA CARRINGTON, and
JOLYNN FROST, on behalf of themselves and all others similarly situated,

  Plaintiffs,

v.

TTEC SERVICES CORPORATION,

  Defendant.

Civil Action No. 22-cv-00347-PAB-NYW

DAVID ANDERSON, individually and on behalf of all others similarly situated,

  Plaintiff,

v.

TTEC SERVICES CORPORATION,

  Defendant.

DATED April 8, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge