IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00097-PAB-NYW
      (Consolidated with Civil Action No. 22-cv-00347-PAB-NYW)

YOLANDA BEASLEY,
KIMBERLY SHEARS-BARNES,
SHENEEQUA CARRINGTON, and
JOLYNN FROST, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

TTEC SERVICES CORPORATION,

      Defendant.

---

Civil Action No. 22-cv-00347-PAB-NYW
      (Consolidated with Civil Action No. 22-cv-00097-PAB-NYW)

DAVID ANDERSON, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

TTEC SERVICES CORPORATION,

      Defendant.

---

**ORDER ON MOTION TO APPOINT INTERIM COUNSEL**

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiffs' Motion to Appoint Interim Co-Lead Counsel Under Fed. R. Civ. P. 23(g)(3) (the "Motion" or "Motion to Appoint Interim Counsel"). [Doc. 21]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring

Case dated March 3, 2022, [Doc. 13], and the Memorandum dated April 28, 2022. [Doc. 22]. For the reasons stated herein, the Motion to Appoint Interim Counsel is hereby **GRANTED**.[1]

## BACKGROUND

On January 13, 2022, Plaintiffs Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, and Jolynn Frost initiated a putative class action against Defendant TTEC Services Corporation, alleging that a cyberattack against Defendant and a subsequent data breach led to the improper disclosure of Plaintiffs' personal information. *See* [Doc. 1 at ¶¶ 1, 8-9]. Then, on February 8, 2022, Plaintiff David Anderson initiated a second putative class action against Defendant arising out of the same cyberattack and data breach. *See* Civil Action No. 22-cv-00347-PAB-NYW, *Anderson v. TTEC Servs. Corp.*, ECF No. 1. All Plaintiffs subsequently moved to consolidate the two cases in light of the common questions of law or fact and Plaintiffs' overlapping claims. [Doc. 14]. Chief Judge Philip A. Brimmer granted Plaintiffs' request and consolidated the instant matter with the *Anderson* case. [Doc. 17 at 3]. Plaintiffs filed a Consolidated Class Action Complaint and Demand for Jury Trial in this case on April 18, 2022. [Doc. 20].

---

[1] In civil matters, a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . *to dismiss or permit maintenance of a class action*, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A) (emphasis added). Accordingly, the statute contemplates that a motion to permit maintenance of a class action—i.e., a motion to certify a class—should be subject to a Magistrate Judge's Recommendation, rather than Order. Here, however, Plaintiffs seek appointment of interim class counsel under Rule 23(g)(3), which provides that a court "may designate interim counsel to act on behalf of a putative class *before determining whether to certify the action as a class action*." Fed. R. Civ. P. 23(g)(3) (emphasis added). In other words, the appointment of interim class counsel does not have any impact on later certification of a class. Accordingly, this court proceeds by Order rather than Recommendation. *See In re Frontier Airlines Litig.*, No. 20-cv-01153-PAB-KLM, 2020 WL 9258441, at *1 (D. Colo. Dec. 16, 2020) (Magistrate Judge proceeding by order in granting motion under Rule 23(g)(3)).

2

Plaintiffs filed the instant Motion on April 28, 2022, requesting that the court appoint Gary M. Klinger and Jean S. Martin as interim co-lead counsel in this matter pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. [Doc. 21 at 1]. Plaintiffs represent that Defendant "takes no position on this Motion," *see* [*id.* at 14], and Defendant did not file a response to the Motion within the timeframe permitted by the Local Rules of Practice. *See* D.C.COLO.LCivR 7.1(d). The Motion is thus ripe for disposition, and I consider Plaintiffs' arguments below.

## ANALYSIS

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of class counsel. Relevant here, the Rule provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010). These factors include: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Upon review of these factors, the court determines that appointment of Mr. Klinger and Ms. Martin as interim co-lead counsel is appropriate in this matter.

First, it is apparent that counsel have performed substantial work in identifying or investigating the potential claims in this action. Plaintiffs represent that immediately after the public announcement of the data breach, Ms. Martin and Mr. Klinger began investigating potential legal claims for victims of the alleged data breach, which included looking into the underlying facts, interviewing "numerous consumers injured by the data breach," performing legal research, drafting initial pleadings, and retaining experts in the field of data security and damages. [Doc. 21 at 5]. This work is reflected in the detailed Consolidated Class Action Complaint and Demand for Jury Trial, *see* [Doc. 20], as well as the Parties' agreement to engage in mediation to explore early resolution of this case. *See* [Doc. 35 at ¶¶ 4-5].

With respect to the remaining factors, Ms. Martin and Mr. Klinger each have extensive experience in handling class actions and in litigating matters arising out of data breaches. Mr. Klinger "is presently litigating more than one hundred class action cases across the country involving privacy violations" and has "settled more than forty class actions involving privacy violations, the majority of which are data breaches, as lead or co-lead counsel." [Doc. 21 at 7]. For her part, Ms. Martin leads the class action department at her law firm and has served as interim co-lead counsel or in other leadership positions in a number of active and past class actions, including cases involving data breaches. [*Id.* at 9-10]. In addition, counsel's law firms have substantial experience in complex litigation and are currently involved in a number of cases involving major data breaches. *See* [*id.* at 7, 10, 13]. The court concludes that counsel's experience will be valuable in this case. And based on counsel's and their firms' considerable experience in data-breach class actions, the court similarly concludes that counsel are well-versed in the applicable areas of the law and have the resources to vigorously prosecute this case.

Finally, the court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Aside from the above determinations, the court notes that "the proposed leadership structure has the support of all Plaintiffs and firms involved in the cases filed in this litigation," [Doc. 21 at 11]; *see also Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (considering the plaintiffs' consent to proposed leadership structure in appointing interim co-lead counsel), and Defendant has not formally opposed Plaintiffs' request. *See* [Doc. 21 at 14]. Moreover, counsel's firms have experience working together in data breach class actions, [*id.* at 13], and counsel represent that they "operate as a cohesive, well-organized group." [*Id.* at 5]. For all of these reasons, the court finds that appointment of Ms. Martin and Mr. Klinger as interim co-lead counsel in this case is appropriate under Rule 23(g)(3).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Plaintiffs' Motion to Appoint Interim Co-Lead Counsel Under Fed. R. Civ. P. 23(g)(3) Motion to Dismiss [Doc. 21] is **GRANTED**; and

(2) Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Jean S. Martin of Morgan & Morgan Complex Litigation Group are **APPOINTED** as interim co-lead counsel in this matter.

DATED: May 27, 2022                          BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge