# <u>EXHIBIT 2</u>

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| YOLANDA BEASLEY,<br>KIMBERLY SHEARS-BARNES,<br>SHENEEQUA CARRINGTON,<br>and JOLYNN FROST, individually and on<br>behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>TTEC SERVICES CORPORATION,<br><br>      Defendant. | Civil Action No. 22-cv-00097-PAB-NYW |
| DAVID ANDERSON, individually and on<br>behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>TTEC SERVICES CORPORATION,<br><br>      Defendant. | Civil Action No. 22-cv-00347-PAB-NYW<br>(Consolidated with Civil Action No. 22-cv-00097-PAB-NYW) |

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Class Settlement Agreement") is made and entered into by and among the following Settling Parties (as defined below): (i) Plaintiffs Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Lett ("Representative Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel Jean S. Martin of MORGAN & MORGAN, Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, Scott Edward Cole of COLE & VAN NOTE, M. Anderson Berry of Clayeo C. Arnold, A

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

PROFESSIONAL LAW CORP., and Rachele R. Byrd of WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP (collectively, "Representative Plaintiffs' Counsel"); and (ii) Defendants TTEC Services Corporation ("TTEC") and Health Net, LLC ("Health Net") (collectively, "Defendants"), by and through their counsel, Gregory T. Parks and Kristin M. Hadgis of MORGAN, LEWIS & BOCKIUS LLP ("Defendants' Counsel"). The Class Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

This Class Settlement Agreement relates to a data security incident that occurred at TTEC between approximately March of 2021 and September of 2021 (the "Data Security Incident").

Plaintiffs, individually and on behalf of putative classes, filed actions against Defendants asserting various claims concerning the Data Security Incident in: (1) the United States District Court for the District of Colorado (the "Court") captioned, *Beasley, et al. v. TTEC Services Corp.*, Case No. 22-cv-00097-PAB-NYW and *Anderson v. TTEC Services Corp.*, Case No. 22-cv-00347-PAB-NYW; (2) the United States District Court for the Northern District of California captioned, *Lett v. TTEC Services Corp., et al.*, Case No. 3:22-cv-00018-SK; and (3) the United States District Court for the District of Arizona captioned, *Barocas v. TTEC Services Corp.*, Case No. 2:22-cv-00217-JFM (collectively, the "Litigation").

On July 27, 2022, the Settling Parties engaged in an all-day, arms-length mediation before Bennett G. Picker of Stradley Ronon Stevens & Young, LLP. In the days and weeks following the mediation, the Settling Parties continued to engage in negotiations, which ultimately resulted in a settlement in principle. The Settling Parties notified the Court and the other courts in which the Litigation is pending of a settlement in principle on August 22 and 23.

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Pursuant to the terms agreed to and set out below, this Class Settlement Agreement resolves all actions, proceedings, and claims against TTEC, Health Net, and the Released Parties that are asserted in, arise from, or relate to Plaintiffs' complaints filed in the Litigation, as well as all other actions or claims by and on behalf of individuals or putative classes arising from the Data Security Incident or matters referenced in those complaints.

## I.   CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF THE CLASS SETTLEMENT

Representative Plaintiffs believe the claims asserted in the Litigation, as set forth in the complaints filed in the Litigation, have merit.   Representative Plaintiffs and Representative Plaintiffs' Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against TTEC, Health Net, and the Released Parties through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, particularly in an area that remains in a state of development, and thus a level of uncertainty, as well as the difficulties and delays inherent in such litigation.   Representative Plaintiffs' Counsel are highly experienced in class action litigation, particularly in privacy litigation, and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. In addition, Defendants contend Plaintiffs will face difficulties in certifying a class, proving liability and causation (particularly with respect to TTEC's customers, who merely utilized TTEC's services), and establishing compensable damages on a classwide basis. While Representative Plaintiffs' Counsel believe Representative Plaintiffs would prevail on class certification and liability issues as to both TTEC and its customers, they nevertheless acknowledge the risks involved in litigation and believe settlement is in the best interests of the Settlement Class. They have determined that the settlement

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

set forth in this Class Settlement Agreement is fair, reasonable, and adequate, and in the best interests of Plaintiffs and the Settlement Class.

## II.     DENIAL OF WRONGDOING AND LIABILITY

Defendants deny each and all of the claims and contentions alleged against them in the Litigation and believe their defenses have merit.  Defendants deny all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation, or that they violated or breached any law, regulation, or duty owed to the proposed Settlement Class.  Defendants further deny that any individual suffered any actual harm caused by the Data Security Incident.  Defendants also believe it would not be possible or feasible to certify a class for trial purposes as opposed to for settlement purposes.   Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.  Defendants also have considered the uncertainty and risks inherent in any litigation.  Defendants have, therefore, determined it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.

## III.    TERMS OF THE SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, and Defendants that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice except as to those Settlement Class Members who timely opt out of the Class Settlement

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Agreement, upon and subject to the terms and conditions of this Class Settlement Agreement, as follows:

1. **DEFINITIONS**

As used in this Class Settlement Agreement, the following terms have the meanings specified below:

**1.1**     "Administrative Costs" means all costs and expenses associated with providing notice of the Class Settlement Agreement to the Settlement Class, Claims Administration, and otherwise administering and carrying out the terms of this Class Settlement Agreement.

**1.2**     "Agreement" or "Class Settlement Agreement" means this Class Settlement Agreement and Release.

**1.3**     "Approved Claims" means valid Settlement Claims approved by the Claims Administrator or found to be valid, as set forth below.

**1.4**     "Attorneys' Fees and Expenses Award" means such funds as may be awarded by the Court to Settlement Class Counsel to compensate Representative Plaintiffs' Counsel fully and completely for their fees, costs, and expenses in connection with the Litigation.

**1.5**     "Award" means the amount remitted by the Claims Administrator out of the Settlement Fund to Settlement Class Members, as provided in Paragraphs 2 and 7 of this Class Settlement Agreement.

**1.6**     "California Settlement Subclass" means all natural persons residing in the State of California at the time of the Data Security Incident (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC Data Security Incident that occurred in approximately March to September of 2021.   Excluded from the California Settlement Subclass is any judge presiding over the

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Litigation and any members of their first-degree relatives, judicial staff, the officers and directors of TTEC, and persons who timely and validly request exclusion from the California Settlement Subclass.  There are approximately 29,000 members of the California Settlement Subclass.

      **1.7**     "Claims Administration" means the processing of Settlement Claims received from Settlement Class Members and the processing of payment of Approved Claims by the Claims Administrator.

      **1.8**     "Claims Administrator" means Epiq Systems, Inc., a company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation, as may be jointly agreed upon by the Settling Parties and approved by the Court.  The Claims Administrator may be replaced upon agreement of the Settling Parties or as directed by the Court.

      **1.9**     "Claims Filing Deadline" means the deadline by which Settlement Class Members must submit any valid Settlement Claims.  The Claims Filing Deadline shall be set by the Court in the Preliminary Approval Order.  The Settling Parties propose a Claims Filing Deadline that is 90 days after the Notice Deadline.

      **1.10**     "Claim Form" means the claim form attached hereto as **Exhibit A**, or a claim form approved by the Court that is substantially similar to **Exhibit A**, that Settlement Class Members must submit to be eligible for relief under the terms of the Class Settlement Agreement.

      **1.11**     "Claims Period" means the time for Settlement Class Members to submit Settlement Claims, running from the date of entry of the Preliminary Approval Order through the Claims Filing Deadline.

      **1.12**     "Class Notice" means the notice of settlement that is contemplated by this Class Settlement Agreement, and which shall include the Long Notice and Summary Notice,

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

substantially in the forms attached hereto as **Exhibits B** and **C**, respectively, as approved by the Court.

1.13    "Data Security Incident" means the data security incident that occurred in approximately March to September of 2021 and that TTEC discovered and disclosed to potentially impacted individuals in late 2021 and early 2022, as alleged in the various class action complaints filed by Representative Plaintiffs, whereby unauthorized hackers allegedly gained access to and exfiltrated files that contained certain information about current and former TTEC employees and/or clients, including names, dates of birth, healthcare ID numbers, medical histories, and Social Security numbers.

1.14    "Escrow Account" means a non-interest bearing checking account established at a financial institution other than Defendants' into which monies are to be deposited as set forth by this Agreement.

1.15    "Effective Date" means the date by which all of the events and conditions specified in Paragraphs 1.16 and 10 below for the Final Approval Order to become Final have occurred or have been met.  The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the Attorneys' Fees and Expenses Award or the Service Award. Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue(s) on appeal being the Attorneys' Fees and Expenses Award and/or the Service Award.

1.16    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Class Settlement Agreement is approved by the Court; (ii) the Court has entered a Final Approval Order and Judgment (as those terms are defined herein); and (iii) the time to appeal or seek permission to appeal from the Final Approval Order and Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Final Approval Order and Judgment

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

have been affirmed in their entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or Service Award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

**1.17** "Final Approval Hearing" means the final hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Class Settlement Agreement and the proposed settlement of the Litigation.

**1.18** "Final Approval Order" means the Court's Final Approval Order, which, among other things, approves this Class Settlement Agreement and the settlement as fair, adequate, and reasonable, enters the Judgment, dismisses the Litigation with prejudice, and confirms the final certification of the Settlement Class, substantially in the form attached hereto as **Exhibit E**.

**1.19** "Funding Date" means the date, which is no later than twenty (20) days after the later of the Effective Date or the date which the Claims Administrator provides TTEC the Payment Instructions.

**1.20** "Health Net" means Defendant Health Net, LLC.

**1.21** "Judgment" means a final judgment ordering and affirming the release set forth in Section 8 of this Class Settlement Agreement of the Released Claims against the Released Parties and the dismissal of the Litigation with prejudice.

**1.22** "Litigation" means, collectively: *Beasley, et al. v. TTEC Services Corp.*, Case No. 22-cv-00097-PAB-NYW (D. Colo.); *Anderson v. TTEC Services Corp.*, Case No. 22-cv-00347-PAB-NYW (D. Colo.); *Lett v. TTEC Services Corp., et al.*, Case No. 3:22-cv-00018-SK (N.D. Cal.); and (3) *Barocas v. TTEC Services Corp.*, Case No. 2:22-cv-00217-JFM (D. Ariz.).

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

**1.23** "Notice Deadline" means that the Notice Program of mailing postcard notice shall commence 30 days after the entry of an order granting preliminary approval.

**1.24** "Notice Program" means the notice program described in Paragraph 4.

**1.25** "Objection Deadline" means 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**1.26** "Opt-Out" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion; (ii) who does not rescind that Request for Exclusion before the Opt-Out Deadline; and (iii) as to which there is not a successful challenge to the Request for Exclusion.

**1.27** "Opt-Out Deadline" means the date by which Settlement Class Members must mail or submit through the settlement website their Request for Exclusion in order for it to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Deadline shall be 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**1.28** "Out of Pocket Expenses" means the following types of expenses actually incurred that are fairly traceable to the Data Security Incident:  (a) unreimbursed payment card fees or unreimbursed bank fees, including unreimbursed card reissuance fees, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, unreimbursed over-limit fees and unreimbursed fees relating to an account being frozen or otherwise unavailable due to the Data Security Incident; (b) cell, internet or text charges; (c) unreimbursed costs or charges for obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage) incurred on or after March 31, 2021 through the date of the Settlement Class Member's claim submission during the Claims Period;

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

(d) other unreimbursed costs associated with fraud or identity theft, including attorneys' fees and accountant fees; and (e) postage costs.

1.29    "Payment Instructions" means: (a) written directions from the Claims Administrator for the payment of any amount, which shall specify: (i) as for any wire transfer payment, the routing, account number, bank name and address and any other pertinent details required for the transfer; and (ii) as for any check payment, the payee of the check; and (b) a W-9 form for the Escrow Account.  The Payment Instructions shall be confirmed by voice phone call by the Claims Administrator and must be approved by Settlement Class Counsel in writing.

1.30    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, or assignees.

1.31    "Personal Information" means information that may have been exposed, compromised, or accessed during the Data Security Incident, including names, dates of birth, healthcare ID numbers, medical information, Social Security numbers and Protected Health Information, as defined by the Health Insurance Portability and Accountability Act of 1996.

1.32    "Preliminary Approval Order" means the Court's order granting, among other things, conditional certification of the Settlement Class, preliminary approval of this Class Settlement Agreement and the settlement, and approval of the form and method of Class Notice, substantially in the form set forth in **Exhibit D**.

1.33    "Released Claims" means any and all claims, causes of action of every kind and description, liabilities, rights, demands, suits, matters, obligations, and damages (including

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs), whether known or unknown (including Unknown Claims) and whether in law or in equity, that the Settlement Class Members (and the respective heirs, administrators, representatives, attorneys, agents, officers, directors, employees, parents, subsidiaries, administrators, partners, predecessors, successors, assigns, subrogees, insurers, co-insurers, reinsurers and insurance brokers of each of Plaintiffs, Settlement Class Counsel and the Settlement Class Members and all other legal or natural persons who may claim by, through or under them who have not excluded themselves from the Settlement Class) had, have, or may have against TTEC, Health Net, or the Released Parties that result from, arise out of, are based upon, or relate to the Data Security Incident.  For the avoidance of doubt, Released Claims include, without limitation, all claims asserted or that could have been asserted in the Litigation or any other suit or pleading in any other court or forum arising out of, based upon, or related in any way to the Data Security Incident, including without limitations, any claims (including common law and statutory claims), actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the alleged theft, exposure, or disclosure of Settlement Class Members' Personal Information; (2) the maintenance and storage of Settlement Class Members' Personal Information; (3) TTEC's information security policies and practices; and/or (4) TTEC's notice or alleged lack of timely notice of the Data Security Incident to Settlement Class Members. "Released Claims" does not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

      **1.34**    "Released Parties" means (i) TTEC; (ii) Health Net; and (ii) and their past or

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

present owners, parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, predecessors, successors, directors, officers, members, shareholders, employees, servants, representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, insurers, reinsurers, subrogees, and includes, without limitation, any Person related to any such entities who is, was or could have been named as a defendant in the Litigation, other than any third-party individual other than Defendants who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such  charge.  The Settling Parties expressly acknowledge that all Released Parties are intended beneficiaries of this Class Settlement Agreement.

1.35   "Representative Plaintiffs" mean Plaintiffs Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Let.

1.36   "Request for Exclusion" means a fully completed and properly executed written request that is timely delivered to the Claims Administrator by a Settlement Class Member under Paragraph 5 of this Class Settlement Agreement and is postmarked or submitted through the settlement website on or before the Opt-Out Deadline.  For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must: (a) state the Settlement Class Member's full name, address, and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

**1.37**   "Service Award" means such funds as may be awarded by the Court to the Representative Plaintiffs for their service as Representative Plaintiffs.

**1.38**   "Settlement Class" means all individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff, and persons who timely and validly request exclusion from the Settlement Class.

**1.39**   "Settlement Class Counsel" means:  Jean S. Martin of MORGAN & MORGAN; Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; and Scott Edward Cole of COLE & VAN NOTE.

**1.40**   "Settlement Class Member(s)" means a member(s) of the Settlement Class.  There are approximately 197,000 Settlement Class Members.

**1.41**   "Settlement Costs" means all costs of the settlement including the costs of carrying out the Notice Program, as set forth in Paragraph 4, Claims Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative Plaintiffs and all other expenses or costs related to the settlement including the costs of serving notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and Award payments to the Settlement Class Members.

**1.42**   "Settlement Fund" means $2,500,000.00, which shall be the only amount paid by Defendants and the sole and exclusive source of all Settlement Costs and Award payments to Settlement Class Members, Administrative Costs, Service Awards, and Attorneys' Fees and Expenses.

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

**1.43** "Settling Parties" means, collectively, TTEC, Health Net, and Representative Plaintiffs, individually and on behalf of the Settlement Class.

**1.44** "TTEC" means Defendant TTEC Services Corporation.

**1.45** "Unauthorized Activity Period" means the time from and including March 31, 2021 through and including the Claims Filing Deadline.

**1.46** "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Representative Plaintiffs, does not know or suspect to exist in his or her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision to participate in this Class Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Members, including Representative Plaintiffs, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs expressly shall have, and

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.

**1.47** All time periods described in terms of "days" shall be in calendar days unless otherwise expressly stated.

2. **SETTLEMENT CONSIDERATION**

**2.1** In consideration for the releases contained in this Class Settlement Agreement, and as a direct result of the Litigation, and without admitting liability for any of the alleged acts or omissions alleged in the Litigation, and in the interests of minimizing the costs inherent in any litigation, TTEC will perform all the following:

**2.2** TTEC will pay the Settlement Fund to the Claims Administrator as follows: (a) within ten (10) business days following entry of the Preliminary Approval Order and receipt of Payment Instructions, TTEC will pay and advance the amounts reasonably necessary to pay for the Notice Program and settlement administration which amount shall be determined and requested by the Claims Administrator and approved by Settlement Class Counsel, and which advances will be credited against the Settlement Fund; and (b) TTEC will pay the balance of the Settlement Fund into the Escrow Account by or before the Funding Date. Under no circumstances will Defendants or any of the Released Parties be required to make any other payments under this Settlement Agreement or otherwise in consideration of the releases set forth herein.

**2.3** Each Settlement Class Member who files a valid claim will be eligible for one cash payment. If more than one valid claim is submitted, the largest valid claim filed will be processed and the remaining claims will be denied as duplicative. No payment under this Settlement

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Agreement shall be made for emotional distress, personal/bodily injury, or punitive damages; any such amounts are not recoverable under the Settlement Agreement

2.4     Settlement Class Members may make a Settlement Claim for: (i) identity-theft protection services, as described further in ¶ 2.4.1; (ii) a Basic Award of $100.00, subject to upward or downward proration as described in ¶ 2.7; and (ii) a Reimbursement Award.  In addition, as explained in ¶ 2.4.4, California Settlement Subclass members are also eligible to receive a California Subclass Award payment of $100.00 in recognition of their California Confidentiality of Medical Information Act ("CMIA") claim, subject to proration up or down as described in ¶ 2.7, regardless of whether they also receive a Basic Award, identity theft protection services, and/or a Reimbursement Award.

2.4.1   *Identity-Theft Protection*.  Every Settlement Class Member who submits a valid claim is eligible to receive 36 months of free identity-theft protection services, called "Financial Shield" by Aura, a.k.a. Pango.  Settlement Class Members can elect to enroll in these services on the Claim Form.  Members of the Settlement Class who opted to receive the one year of credit monitoring initially offered by TTEC remain eligible to enroll in the additional "Financial Shield" service. "Financial Shield" includes, at least, the following, or similar, services:

1.     Up to $1,000,000 reimbursement insurance through AIG covering losses due to identity theft and stolen funds;

2.     Financial transaction monitoring, including monitoring of all financial accounts registered by the Settlement Class Member, such as credit card accounts, bank accounts (checking and savings) and investment accounts, for transactions exceeding selected thresholds;

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

3.      Continuous monitoring for high-risk transactions, including payday loans, wire transfers, and account openings, that involve the Settlement Class Member's personal information;

4.      Notification of attempts to use the Settlement Class Member's Social Security number as part of an identity verification event, such as requesting a replacement credit or debit card; filing an insurance claim; updating personal information on an existing account; and/or opening a new account;

5.      Fictitious identity monitoring, which notifies the Settlement Class Member when his or her Social Security number is being used in association with someone else's name and/or address;

6.      Online tax fraud monitoring and alerts, which monitors online income tax filings through TurboTax and alerts the Settlement Class Member if a tax return is filed using his or her Social Security number;

7.      Home title monitoring, including monitoring properties identified by a Settlement Class Member and notifying the Settlement Class Member when an existing property title is changed, removed, or new titles are added to his or her name;

8.      Dark web monitoring, which monitors the dark web for the Settlement Class Member's personal information;

9. Public record monitoring, which monitors public records for address changes, automotive tickets, and arrests associated with the Settlement Class Member's name and Social Security number;

10. Credit security freeze assistance, which provides the Settlement Class Member a central location to link to one of ten different consumer reporting agencies to freeze and unfreeze his or her credit files; and

11. Lost wallet protection, which provides a customer support line where the Settlement Class Member can receive help in canceling and replacing lost credit cards.

2.4.2 *Basic Award*.  Every Settlement Class Member who submits a valid claim is eligible to receive a Basic Award.  A Basic Award will initially be set at $100.00 per Settlement Class Member, as identified by TTEC's records, is subject to upward or downward proration, and will be paid regardless of whether the claimant experienced any fraudulent or unauthorized activity, any identifiable losses, or any identity theft as a result of the Data Security Incident.

2.4.3 *Reimbursement Award*.  A Settlement Class Member who incurred unreimbursed unauthorized or fraudulent charges or Out of Pocket Expenses fairly traceable to the Data Security Incident and submits a valid claim for a Reimbursement Award shall be eligible to receive a Reimbursement Award consisting of reimbursement of up to $5,000.00.  In assessing what qualifies as "fairly traceable," the Claims Administrator shall consider (i) whether the timing of the expenses occurred during the Unauthorized Activity Period; and (ii) any other information provided by the Settlement Class Member supporting that reimbursement is appropriate in accordance with the terms of this Agreement.

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

      **2.4.4** *California Subclass Award.* Every California Settlement Subclass member is eligible to receive a CMIA payment in the amount of $100.00, subject to upward or downward proration, regardless of whether he or she experienced any fraudulent or unauthorized activity or losses, or any identity theft as a result of the Security Incident. This amount is in addition to all other awards for which California Settlement Subclass Members may be eligible. California Settlement Subclass members must attest on their Approved Claim forms that they were a California resident on December 8, 2021.

      **2.5** Settlement Class Members seeking an award under this Agreement must complete and submit a written Claim Form to the Claims Administrator, postmarked or submitted electronically on or before the Claims Filing Deadline. The Claim Form must: (a) be signed by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her belief; and (b) provide appropriate documentation where required by the Claim Form. Failure to provide supporting documentation as requested as set forth in ¶ 2.6 or as requested on the Claim Form or by the Claims Administrator shall result in denial of a Settlement Claim.

      **2.6** *Additional Information Required for a Reimbursement Award of Out of Pocket Expenses.* A Settlement Class Member seeking a Reimbursement Award for Out of Pocket Expenses must provide: (i) documentation sufficient to show unauthorized charges or other losses experienced during the Unauthorized Activity Period that were not reimbursed or denied and all claimed losses from such charges; (ii) documentation that enables the Claims Administrator to determine that the Out of Pocket Expenses were fairly traceable to the Data Security Incident; and (iii) an attestation that the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the loss, including from the applicable bank or payment card servicer and

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

through exhaustion of any available credit monitoring insurance and identity theft insurance, but has been unsuccessful.

> **2.7**    *Pro Rata Increase/Reduction and Residual Funds*:  The Claims Administrator shall adjust the payment amount of all Awards as follows:

> > **2.7.1**    If, after the Effective Date, the total dollar value of all approved claims is less than the amount remaining in the Settlement Fund necessary to cover valid Basic Awards, the cost of the "Financial Shield" identity-theft protection services, Reimbursement Awards, valid California Subclass Awards, the Attorneys' Fees and Expenses Award, Service Awards, and notice and Claims Administration costs, the payment amount for all Approved Claims under this Agreement shall be increased *pro rata* among all Settlement Class Members who submitted Approved Claims for Basic Awards and California Subclass Awards until the amounts remaining in the Settlement Fund are exhausted (or as nearly as possible).  These *pro rata* determinations shall be performed by the Claims Administrator.

> > **2.7.2**    If, after the Effective Date, the total dollar value of all approved claims exceeds the amount remaining in the Settlement Fund necessary to cover valid Basic Awards, the cost of the "Financial Shield" identity-theft protection services, Reimbursement Awards, valid California Subclass Awards, the Attorneys' Fees and Expenses Award, Service Awards, and notice and Claims Administration costs, the payment amount for all Approved Claims shall be reduced *pro rata* among all Settlement Class Members who submitted Approved Claims for Basic Awards and California Subclass Awards.  These *pro rata* determinations shall be performed by the Claims Administrator.

> 2.8.    *Security Enhancements*: As part of the settlement and pre-mediation discovery, TTEC disclosed that it has made significant investments in continuing to improve its data security.

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Defendant will prepare and provide to Plaintiffs' Counsel a confidential declaration outlining these security enhancements, thus assuring that Settlement Class Members' confidential data will be protected in the future.

**3**     **PRELIMINARY SETTLEMENT APPROVAL AND FINAL APPROVAL**

**3.1**     As soon as practicable after the execution of the Class Settlement Agreement, Settlement Class Counsel shall file a motion seeking entry of a Preliminary Approval Order ("Motion for Preliminary Approval").  A proposed Preliminary Approval Order shall be submitted with the Motion for Preliminary Approval and shall be substantially in the form set forth in **Exhibit D**.  The Motion for Preliminary Approval shall request that the Court, *inter alia*:

    a)  Stay all proceedings in the Litigation other than those related to approval of the Class Settlement Agreement;

    b)  Stay and/or enjoin, pending Final Approval of the Class Settlement Agreement, any actions brought by Settlement Class Members concerning the Released Claims;

    c)  Preliminarily certify the Settlement Class and the California Settlement Subclass for settlement purposes only;

    d)  Preliminarily approve the terms of the Class Settlement Agreement as fair, adequate, and reasonable;

    e)  Appoint Representative Plaintiffs as the Settlement Class representatives for settlement purposes only;

    f)  Appoint Settlement Class Counsel as counsel for the Settlement Class for settlement purposes only;

    g)  Approve the notice program, as set forth in Paragraph 4 herein and set the dates

for the Claims Filing Deadline, Opt-Out Deadline, and Objection Deadline;

h) Approve the form and contents of a long form notice ("Long Notice") to be posted on the settlement website substantially similar to the one attached hereto as **Exhibit B**, and a Summary Notice to be sent via First Class Mail to Settlement Class Members ("Summary Notice"), substantially similar to the one attached hereto as **Exhibit C**, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Class Settlement Agreement, instructions for how to object to or submit a Request for Exclusion from the settlement, the process and instructions for filing a Claim Form, and the date, time and place of the Final Approval Hearing;

i) Approve a Claim Form substantially similar to that attached hereto as **Exhibit A**;

j) Appoint a Claims Administrator;

k) Set deadlines for objections, requests for exclusion, a motion for final approval, and briefing in support of final approval by the Settling Parties; and

l) Schedule the Final Approval Hearing on a date at least 100 days from the date of the Preliminary Approval Order.

**3.2** Defendants will not object to the entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Class Settlement Agreement as **Exhibit D** and is otherwise consistent with this Class Settlement Agreement.

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

**3.3**      Settlement Class Counsel and TTEC shall request that the Court hold a Final Approval Hearing after notice is completed and at least 30 days after the Opt-Out Deadline and Objection Deadline, and at least 100 days after the date of the Preliminary Approval Order.

**3.4**      Settlement Class Counsel and the Representative Plaintiffs shall move for final approval on or before the deadline set by the Court.  Defendants shall not object to the motion for final approval, but may file briefing in support of final approval or in opposition to any objections by the deadline set by the Court.

**3.5**      The proposed Final Approval Order shall be filed with the motion for final approval, shall be substantially in the form attached hereto as **Exhibit E** and shall, among other things:

a)  Determine the Class Settlement Agreement is fair, adequate, and reasonable;

b)  Finally certify the Settlement Class and California Settlement Subclass for settlement purposes only;

c)  Determine that the Notice Program satisfies Rule 23 and due process requirements;

d)  Dismiss all claims in *Beasley, et al. v. TTEC Services Corp.*, Case No. 22-cv-00097-PAB-NYW (D. Colo.) and *Anderson v. TTEC Services Corp.*, Case No. 22-cv-00347-PAB-NYW (D. Colo.) with prejudice;

e)  Bar and enjoin any Settlement Class Members who did not timely opt out in accordance with the requirements of this Class Settlement Agreement from asserting any of the Released Claims; and

f)  Release and forever discharge TTEC and the Released Parties from the Released Claims, as provided for in this Class Settlement Agreement.

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

## 4   NOTICE PROGRAM

**4.1**     Within ten (10) days of the filing of the Motion for Preliminary Approval, or such earlier time as this Class Settlement Agreement is filed with the Court, the Claims Administrator shall serve a letter and accompanying materials to be provided by Defendants' Counsel on the Attorney General of the United States and each state Attorneys General or others, all as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).  The Claims Administrator shall provide, and Defendants shall cause to be filed with the Court, a declaration evidencing such service.

**4.2**     Within fifteen (15) days of entry of the Preliminary Approval Order, TTEC will provide the Claims Administrator with a list of Settlement Class Members which will include, to the extent available, the name and physical mailing address of each Settlement Class Member. The Claims Administrator shall cause notice to be disseminated to the Settlement Class Members pursuant to the Preliminary Approval Order and the Notice Program as described below, and in compliance with all applicable laws, including, but not limited to, the Due Process clause of the United States Constitution and Federal Rule of Civil Procedure 23, and be effectuated pursuant to the provisions set forth below, the costs of which shall be a Settlement Cost. The Claims Administrator must maintain the list of Settlement Class Members in strict confidence and may not share the list with anyone other than TTEC.  The Claims Administrator must enter into a confidentiality agreement and data security agreement as reasonably specified by TTEC.

**4.3**     Class Notice shall be provided to the Settlement Class as follows:

**4.3.1**     Within fifteen (15) days after receiving the Settlement Class list from TTEC, the Claims Administrator shall send the Summary Notice on a postcard via First Class U.S. Mail, postage pre-paid, to Settlement Class Members (the "Notice Deadline"). Within twenty (20) days after sending such mail, the Claims Administrator shall undertake reasonable efforts to

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

confirm the address, and to resend notice, for any Settlement Class Members for which the Claims Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered.

       **4.3.2**   Within seven (7) days after receiving the Settlement Class list from TTEC, the Claims Administrator shall establish a dedicated settlement website that includes this Class Settlement Agreement, the Long Notice, and the Claim Form approved by the Court. Settlement Class Counsel shall propose the format and content of the settlement website for approval by Defendants' Counsel, which shall not be unreasonably withheld. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the settlement website copies of the motion for final approval of the Class Settlement Agreement, and the motion for an Attorneys' Fees and Expenses Award and a Service Award. A toll-free number with interactive voice response and FAQs shall also be made available to address Settlement Class Members' inquiries. The settlement website shall not include any advertising and shall remain operational until thirty (30) days following the Effective Date, at which time the Claims Administrator shall terminate the settlement website and transfer ownership of the URL to TTEC.

       **4.4**     The Notice Program shall be subject to approval by the Court as meeting the requirements of due process and Rule 23(c) of the Federal Rules of Civil Procedure.

       **4.5**     The Long Notice, Summary Notice, and Claim Form approved by the Court may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and necessary, so long as it is not inconsistent with such approval and does not materially alter the language approved by the Court.

       **4.6**     Prior to the Final Approval Hearing, Counsel for the Settling Parties shall cause to

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

be filed with the Court an appropriate declaration from the Claims Administrator demonstrating compliance with the Court-approved Notice Program.

**5      OPT-OUT PROCEDURES**

  **5.1**  Each Settlement Class Member wishing to exclude themselves from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated by the Claims Administrator.

  **5.2**  To be effective, a Request for Exclusion must be postmarked no later than 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

  **5.3**  Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions. Settlement Class Counsel may file these materials with the Court, with any Personal Information other than names and cities and states of residence redacted, no later than 7 days prior to the Final Approval Hearing.

  **5.4**  All persons who opt out of the Settlement Class shall not receive any benefits of or be bound by the terms of this Class Settlement Agreement. All persons falling within the definition of the Settlement Class who do not opt out shall be bound by the terms of this Class Settlement Agreement and the Final Approval Order entered thereon.

**6      OBJECTION PROCEDURES**

  **6.1**  Each Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

send their written objections only to the Court. The Notice shall make clear that the Court can only approve or deny the Class Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections.

6.2     All such notices of an intent to object to the Class Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

6.3     To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

6.4     Except upon a showing of good cause, any Settlement Class Member who fails to substantially comply with the requirements in this Paragraph 6 for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Class Settlement Agreement, and shall be bound by all the terms of the Class Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the

Class Settlement Agreement shall be through the provisions of this Paragraph 6.

**7      CLAIMS ADMINISTRATION**

**7.1**      The Claims Administrator shall administer and calculate the Settlement Claims submitted by Settlement Class Members.  All Settlement Claims must be submitted on or before the Claims Filing Deadline to be deemed timely. The determination by the Claims Administrator of the validity or invalidity of all Settlement Claims shall be binding. The Claims Administrator shall periodically provide Settlement Class Counsel and TTEC counsel with reports as to both settlement claims and distribution, and they shall have the right to obtain and review supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.

**7.2**      For each settlement claim submitted and received, the Claims Administrator, in its sole discretion (to be reasonably exercised), will determine whether: (1) the claimant is a Settlement Class Member and, if applicable, and California Settlement Subclass Member; and (2) that the claimant has provided all information required to complete the Claim Form by the Claims Filing Deadline, including but not limited to information required under Paragraph 2. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to adequately evaluate the settlement claim. All information provided to the Claims Administrator will be deemed confidential by the Claims Administrator.

**7.3**      The Claims Administrator shall determine whether a claimant's Claim Form, along with supporting materials, are sufficient to support a claim. If the Claims Administrator should receive an incomplete Claim Form or a Claim Form with insufficient documentation to determine whether the claimant is a Settlement Class Member or, if applicable, a California Settlement Subclass member, the Claims Administrator shall request additional information and give the

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

claimant twenty-one (21) days to cure any defect(s) before rejecting a settlement claim. The Claims Administrator shall make requests for additional information within twenty-one (21) days after the Claims Filing Deadline. If a Settlement Class Member fails to correct all deficiencies within twenty-one (21) days from receiving a request for additional information, the Claims Administrator shall deny the claimant's settlement claim and the claimant will not be entitled to an Award.

      **7.4**    After receiving additional information, the Claims Administrator shall have thirty (30) days to accept or reject each settlement claim. If, after review of the settlement claim and all documentation submitted by the claimant, the Claims Administrator determines that such a settlement claim is valid, then the settlement claim shall be paid within the time period provided in this Paragraph. If the settlement claim remains invalid because the claimant does not provide the requested information needed to complete the Claim Form and evaluate the settlement claim, then the Claims Administrator may reject the settlement claim without any further action apart from providing a notice of rejection of the settlement claim.

      **7.5**    No Person shall have any claim against the Claims Administrator, Defendants, the Released Parties, or their counsel, Settlement Class Counsel, and/or the Representative Plaintiffs based on distribution of Awards to Settlement Class Members or to the *cy pres* recipient referenced in this Agreement, if applicable.

      **7.6**    The Claims Administrator shall agree to hold the Settlement Funds in an interest-bearing Qualified Settlement Fund account, and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined by Treasury Regulation § 1.46B-1, *et seq*., and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible.

The Claims Administrator shall prepare any required tax returns and pay any taxes owed by the Settlement Fund out of the Settlement Fund.  Except for funding the Settlement Fund, TTEC shall not have any other financial obligation under the Class Settlement Agreement. In addition, under no circumstances will TTEC have any liability for taxes or tax expenses under this Class Settlement Agreement.

 **7.7** The Claims Administrator will send funds electronically (in an electronic payment format recommended by the Claims Administrator, such as PayPal or Venmo, and agreed-upon by the Parties) for Approved Claims within the later of thirty (30) days after the Effective Date or thirty (30) days after all disputed claims have been resolved. No distributions will be made without authorization from the Parties. If a Settlement Class Member cannot, or chooses not to, receive funds electronically, award checks shall be sent by U.S.P.S. mail. Award checks (electronic and paper) shall be valid for a period of 180 days from issuance, and shall state, in words or substance that the check must be cashed within 180 days, after which time it will become void. In the event a settlement check becomes void, the Settlement Class Member to whom that settlement check was made payable will forfeit the right to payment and will not be entitled to have the check reissued or to any further distribution from the Settlement Fund or to any further recourse against the Released Parties, and the Agreement and Release will in all other respects be fully enforceable against the Settlement Class Member. No later than 190 days from the issuance of the Award checks, the Claims Administrator shall take all steps necessary to stop payment on any Award checks that remain uncashed.

 **7.8** If there is any balance remaining in the Settlement Fund ninety (90) days after the Claims Administrator completes the process for stopping payment on any Award checks that remain uncashed, the Settling Parties will return to the Court seeking direction as to the disposition

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

of these funds, including the selection of a *cy pres* recipient to be approved by the Court. The funds distributed pursuant to the *cy pres* provision set forth in this Paragraph shall not be considered unclaimed property under the laws of Colorado or any other state.

**7.9**   All Settlement Class Members who fail to timely submit a valid settlement claim hereunder within the time frames set forth herein, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving an Award pursuant to this Agreement, but will in all other respects be subject to, and bound by, the provisions of this Agreement, the Releases contained herein and the Final Approval Order.

**8**   **RELEASES**

**8.1**   Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, whether or not they have received an Award, will be deemed by operation of this Class Settlement Agreement and by operation of the Final Approval Order to have forever fully, finally, completely, and unconditionally released, discharged, and acquitted TTEC, Health Net, and the Released Parties from any and all of the Released Claims, and will be deemed to have also released Unknown Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Agreement as provided herein) in which any of the Released Claims or Unknown Claims are asserted.

**8.2**   Upon entry of the Final Approval Order, each Settlement Class Member, including Representative Plaintiffs, shall be barred from initiating, asserting, or prosecuting against TTEC, Health Net, and any Released Parties any claims that are released by operation of the Class

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Settlement Agreement and the Final Approval Order.

**9      SETTLEMENT CLASS COUNSEL'S ATTORNEYS' FEES AND EXPENSES AWARD; REPRESENTATIVE PLAINTIFFS' SERVICE AWARD**

**9.1**      Settlement Class Counsel may file a motion seeking reasonable attorneys' fees in an amount not to exceed 30 percent (or $750,000.00) of the Settlement Fund.  In addition, Class Counsel may seek their reasonable costs and expenses from the Settlement Fund (not to exceed $20,000).  The entirety of the Attorneys' Fees and Expenses Award shall be payable solely from the Settlement Fund.

**9.2**      Settlement Class Counsel will also request from the Court a Service Award for each Representative Plaintiff in the amount of Two Thousand Dollars ($2,500.00), to be paid solely from the Settlement Fund. TTEC will not object to Representative Plaintiffs' request for a Service Award payment, unless Representative Plaintiffs' request exceeds the terms outlined in this Agreement.

**9.3**      Within seven (7) days after the later of the Funding Date or the date the Court approves the Attorneys' Fees and Expenses Award, the Claims Administrator shall pay any Attorneys' Fees and Expenses Award and Service Awards from the Settlement Fund to an account designated by Settlement Class Counsel.  After the Attorneys' Fees and Expenses Award and the Service Awards have been deposited into this account, Class Counsel shall be responsible for distributing the Service Awards to Representative Plaintiffs, and shall have sole discretion in allocating such attorneys' fees and costs, and distributing to each participating Representative Plaintiffs' Counsel firm an allocated share of such attorneys' fees and costs to that firm. Defendants shall have no responsibility for distribution of attorneys' fees or costs among participating firms.

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

**9.4** No order of the Court or modification or reversal or appeal of any order of the Court concerning the amounts of the Attorneys' Fees and Expenses Award or the Service Award hereunder shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Class Settlement Agreement.

**9.5** Defendants shall not be liable for any additional attorneys' fees and expenses of Representative Plaintiffs' Counsel in the Litigation.

## 10 CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

**10.1** Defendants' willingness to settle this Litigation on a class-action basis and to agree to the accompanying certification of the Settlement Class for settlement purposes is dependent on achieving finality in this Litigation and the desire to avoid the expense of this and other litigation. Consequently, TTEC has the right to terminate this Class Settlement Agreement, declare it null and void, and have no further obligations under this Class Settlement Agreement to the Representative Plaintiffs, the Settlement Class, the California Settlement Subclass, or Settlement Class Counsel, unless each of the following conditions occur:

    a) The Court has entered a Preliminary Approval Order;

    b) The Court enters a Final Approval Order; and

    c) The Effective Date has occurred; and

    d) The number of Opt-Outs is fewer than 3% of the estimated Settlement Class.

**10.2** If all of the conditions in Paragraph 10.1 are not fully satisfied and the Effective Date does not occur, this Class Settlement Agreement shall, without notice, be automatically terminated unless Settlement Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Class Settlement Agreement.

**10.3** In the event that the Class Settlement Agreement is not approved by the Court or

the Class Settlement Agreement is terminated in accordance with its terms: (a) the Settling Parties shall be restored to their respective positions in the Litigation that existed prior to the mediation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court; (b) the terms and provisions of the Class Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Class Settlement Agreement, including certification of the Settlement Class for settlement purposes only, shall be treated as vacated, *nunc pro tunc*; and (c) any amounts in the Escrow Account not due and payable to the Claims Administrator shall be returned to TTEC. Notwithstanding any statement in this Class Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of any Attorneys' Fees and Expenses Award to Settlement Class Counsel shall constitute grounds for cancellation or termination of the Class Settlement Agreement.

**10.4** For the avoidance of doubt, Defendants conditionally agree and consent to certification of the Settlement Class for settlement purposes only, and within the context of the Class Settlement Agreement only. If the Class Settlement Agreement, for any reason, is not fully approved or is otherwise terminated, Defendants reserve their right to assert any and all objections and defenses to certification of a class, and neither the Class Settlement Agreement nor any Order or other action relating to the Class Settlement Agreement shall be offered by any Person as evidence or in support of a motion to certify a class for a purpose other than settlement.

## 11  DISMISSAL OF THE ACTION

**11.1** Representative Plaintiffs, on behalf of themselves and the Settlement Class

Members, consent to the dismissal of this Litigation with prejudice upon the Court's final approval of this Class Settlement Agreement.

**11.2**    Representative Plaintiffs and Representative Plaintiffs' Counsel agree to dismiss the Litigation, including the actions pending in the United States District Court for the Northern District of California captioned, *Lett v. TTEC Services Corp., et al*., Case No. 3:22-cv-00018-SK, and the United States District Court for the District of Arizona captioned, *Barocas v. TTEC Services Corp*., Case No. 2:22-cv-00217-JFM, no later than ten (10) days after the Effective Date. If necessary or requested, Defendants and Defendants' Counsel shall join in the dismissal request.

## 12   MISCELLANEOUS PROVISIONS

**12.1**    The Settling Parties and their counsel acknowledge that it is their intent to consummate this Class Settlement Agreement and agree to undertake their best efforts to effectuate and implement all terms and conditions of this Class Settlement Agreement, including taking all steps and efforts contemplated by this Class Settlement Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise.

**12.2**    The Parties intend this Class Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation and with regard to the Released Parties.  The Class Settlement Agreement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

**12.3**     Neither the Class Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Class Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Any of the Released Parties may file the Class Settlement Agreement in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**12.4**     The Class Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

**12.5**     The Class Settlement Agreement contains the entire agreement between the Settling Parties and supersedes all prior agreements or understandings between them.  The terms of the Class Settlement Agreement shall be construed as if drafted jointly by all Settling Parties to this Class Settlement Agreement.  The terms of the Class Settlement Agreement shall be binding upon each of the Settling Parties to this Class Settlement Agreement, their agents, attorneys, employees, successors and assigns, and upon all other Persons or entities claiming any interest in the subject matter hereof, including any Settlement Class Member.

**12.6**     Released Parties shall not be liable for any additional attorneys' fees, costs or

expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Class Settlement Agreement. Settlement Class Counsel agree to hold Released Parties harmless from any claim regarding the division of any award of attorneys' fees and expenses to Settlement Class Counsel, and any claim that the term "Settlement Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any attorneys' fees awarded to Settlement Class Counsel in this lawsuit.

12.7    The Class Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Colorado, and the rights and obligations of the parties to the Class Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Colorado without giving effect to that State's choice of law principles.

12.8    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Class Settlement Agreement and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Class Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Settling Parties.  The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Class Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Class Settlement Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Claims Administrator.  As part of its agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

12.9    The individuals signing this Class Settlement Agreement on behalf of TTEC and

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Health Net represent that they are fully authorized by TTEC and Health Net to enter into, and to execute, this Class Settlement Agreement on their behalf.  Representative Plaintiffs' Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for TTEC on behalf of Representative Plaintiffs, and to enter into, and to execute, this Class Settlement Agreement on behalf of the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

**12.10** None of the Settling Parties to this Class Settlement Agreement shall be considered to be the primary drafter of this Class Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

**12.11** The Settling Parties agree that this Class Settlement Agreement, and the Final Order following from the Class Settlement Agreement, will not prejudice in any way the Settling Parties' right to raise any of the arguments that the Settling Parties made in this case in any future litigation.

**12.12** In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Class Settlement Agreement shall continue in full force and effect without said provision to the extent TTEC does not exercise its right to terminate under Paragraph 10.

**12.13** If applicable, within thirty (30) days after Award payments are funded, Settlement Class Counsel shall destroy all confidential, non-public information obtained in connection with the Litigation and Class Settlement Agreement, and certify the same.

**12.14** All notices or formal communications under this Class Settlement Agreement shall be in writing and shall be given (i) by hand delivery; (ii) by registered or certified mail, return receipt requested, postage pre-paid; or (iii) by overnight courier to counsel for the Settling Party

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

to whom notice is directed at the following addresses, and also send a copy by electronic mail:

For the Representative Plaintiffs and the Settlement Class:

Jean S. Martin
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 559-4908
jeanmartin@ForThePeople.com

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-247-0047
gklinger@milberg.com

Scott Edward Cole.
COLE & VAN NOTE
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
sec@colevannote.com

For TTEC and Health Net:

Gregory T. Parks
Kristin M. Hadgis
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5170
gregory.parks@morganlewis.com
Kristin.hadgis@morganlewis.com

Counsel may designate a change of the person to receive written notice or a change of address, from time to time, by giving written notice to all Settling Parties in the manner described in this Paragraph.

    **12.15**   Settlement Class Counsel, Representative Plaintiffs, Defendants, and Defendants'

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Counsel may execute this Class Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Settling Parties had signed the same instrument. Facsimile and scanned signatures shall be considered as valid signatures as of the date signed. This Class Settlement Agreement shall not be deemed executed until signed by all Representative Plaintiffs, Settlement Class Counsel, and by counsel for and representative(s) of Defendants.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Agreement to be executed on their behalf by their duly authorized officers or counsel of record, all as of the day set forth below:

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Dated:    September 15, 2022     TTEC Services Corporation, by:

DocuSigned by:

**REGINA PAOLILLO**

55CD3F452D114EC...

Regina Paolillo
Global Chief Operating Officer

Dated:    September 15, 2022     Health Net, LLC, by:

Chris Koster
Senior Vice President, Secretary and General Counsel

Dated:        September 15, 2022        TTEC Services Corporation, by:

_____

Regina Paolillo
Global Chief Operating Officer

Dated:        September 15, 2022        Health Net, LLC, by:

_____

Christopher A. Koster
Executive Vice President, Secretary and
General Counsel

Dated:  September  15 , 2022

Jean S. Martin
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 559-4908
jeanmartin@ForThePeople.com

*Attorneys for Plaintiffs Yolanda Beasley,*
*Kimberly Shears-Barnes, Sheneequa*
*Carrington, and Jolynn Frost*

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
 **PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-247-0047
gklinger@milberg.com

*Attorneys for Plaintiff David Anderson*

Scott Edward Cole, Esq.
Laura Grace Van Note, Esq.
Cody Bolce, Esq.
Andria Jaramillo
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone:  (510) 891-9800
Facsimile:  (510) 891-7030
sec@colevannote.com
lvn@colevannote.com
cab@colevannote.com
ajj@colevannote.com

*Attorneys for Plaintiff Brent Lett*

M. ANDERSON BERRY
GREGORY HAROUTUNIAN
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP**.
865 Howe Avenue
Sacramento, CA 95825
Telephone:  (916) 239-4778

Gregory T. Parks
Kristin M. Hadgis
**Morgan, Lewis & Bockius LLP**
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5170
gregory.parks@morganlewis.com

*Attorneys for Defendants*
*TTEC SERVICES CORPORATION AND*
*HEALTH NET, LLC*

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Facsimile:   (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

BETSY C. MANIFOLD
RACHELE R. BYRD
OANA CONSTANTIN
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
constantin@whafh.com

*Attorneys for Plaintiff David Barocas*

# EXHIBIT A

to
Settlement Agreement

*(Claim Form)*

## <u>SETTLEMENT CLAIM FORM</u>

This Claim Form should be filled out online or submitted by mail if you received a notice from TTEC Services Corporation ("TTEC") or HealthNet, LLC in or about December 2021 regarding a data security incident that occurred at TTEC between March and September 2021 (the "Data Security Incident"), or if you otherwise believe you were affected by the Data Security incident.

You may receive a payment if you properly and timely complete this Claim Form, the settlement is approved, and you are found to be eligible for a payment.

The Notice describes your legal rights and options. You can obtain the Notice and further information about the Litigation, the Class Settlement Agreement and Release, and your legal rights and options on the official settlement website, www._____.com, or by calling 1-800-xxx-xxxx.

Your claim must be submitted online or postmarked by _____, 202_ to be considered for payment. You can submit your claim for a settlement award in two ways:

1. Online at www._____.com by following instructions on the "Submit a Claim" page; or

2. By mail to the Claims Administrator at this address: [INSERT CLAIMS ADMINISTRATOR ADDRESS].

Only one Settlement Claim may be submitted per Settlement Class Member.

## 1.   CLASS MEMBER INFORMATION (REQUIRED)

Name (First, MI, Last): _____

Address: _____

City: _____   State: _____   Zip Code: _____

Phone: _____   Email (if any): _____

## 2.   PAYMENT ELIGIBILITY INFORMATION AND IDENTITY-THEFT PROTECTION (REQUIRED)

For more information about this Section of the Claim Form and the types of awards available and rules for receiving an award, please review the Notice and Sections 2.1 through 2.4 of the Class Settlement Agreement and Release (available at www._____.com). You may select any or all of the awards for which you are eligible.

A. Settlement Class Members may receive a **$100.00** Basic Award (subject to proration). If you are claiming a Basic Award, please check this box:

❑ **$100** Basic Award (complete sections 5 and 6)

1

B.  California Settlement Subclass members may **also** receive a **$100.00** California Subclass Award (subject to proration).  If you are a Settlement Class Member, you resided in California at any time between March 31, 2021 and September 12, 2021, and are claiming this award, check this box:

❑  **$100** California Subclass Award (complete section 5 and 6)

C.  Settlement Class Members may receive 36 months of free identity-theft protection, called "Financial Shield" by Aura (a.k.a. Pango).  If you opted to receive the one year of credit monitoring initially offered by Defendants, "Financial Shield" shall be in addition to that year. If you are claiming the identity-theft protection, check this box:

❑  Identity-Theft Protection (complete section 6)

D.  Additionally, all Settlement Class Members who incurred Out-of-Pocket expenses fairly traceable to the Data Security Incident may claim a Reimbursement Award of up to $5,000.  If you are claiming a Reimbursement Award, check this box:

❑  Reimbursement Award (complete Sections 3, 4, 5 and 6)

**3.      ADDITIONAL INFORMATION REQUIRED ONLY FROM SETTLEMENT CLASS MEMBERS SEEKING A REIMBURSEMENT AWARD.**

You must complete this Section 3 if you are seeking a Reimbursement Award.  Please provide as much information as possible.

❑  *Required:*  I attest under penalty of perjury that I experienced one or more unauthorized or fraudulent charges from March 31, 2021 through [INSERT CLAIMS DEADLINE].

❑  *Required:*  Such charges have not been reimbursed.

❑  *Required:*  I believe in good faith such charges were more likely than not the result of the Data Security Incident that affected the TTEC computer network described in the Notice.

The total amount of unreimbursed fraudulent charges that I am claiming is $_____

> *Examples*: Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company.

> *Required*: Attach a copy of statements that show the fraudulent charges and any correspondence showing that you reported them as unauthorized.  (You may redact all unrelated transactions).  If you do not have any written correspondence reporting the charges, describe when and how you reported them and to whom you reported them (attached pages as necessary):

_____

_____

❑ (*Required*).  I have made good faith efforts to have these unauthorized charges reversed or repaid, including through my bank or credit card company, and have exhausted all available credit monitoring, identity theft insurance, or other applicable insurance policies, but have not been successful at having the charges reversed, have not received payment, and have no insurance coverage for these unauthorized charges.

*If you are seeking reimbursement for Out-of-Pocket Expenses as part of your claim for a Reimbursement Award, complete Section 4.  Otherwise, go to Section 7.*

## 4.    ADDITIONAL INFORMATION REQUIRED ONLY FROM SETTLEMENT CLASS MEMBERS SEEKING REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES IN CONNECTION WITH A REIMBURSEMENT AWARD.

❑ I attest under penalty of perjury that I am making a claim for a Reimbursement Award, and that I incurred between March 31, 2021 and [INSERT CLAIMS DEADLINE] the following Out-of-Pocket Expenses fairly traceable to the Security Incident that affected the TTEC computer network described in the Notice.

*Check all that apply, stating the total amount you are claiming for each category and attaching documentation of the charges as described below.  Round total amounts to the nearest dollar.*

❑ Unreimbursed payment card fees or bank fees:

Total amount claimed for this category: $_____

*Examples*: Unreimbursed card reissuance fees, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, unreimbursed over-limit fees and unreimbursed fees relating to an account being frozen or otherwise unavailable due to the Security Incident.

*Required*: A copy of a bank or credit card statement or other proof of claimed fees or charges (please redact unrelated transactions).

❑ Cell, internet or text charges:

Total amount claimed for this category: $_____

*Examples*: Long distance or cell phone charges (if charged by the minute), or data charges (if charged based on the amount of data used).

*Required*: A copy of the bill from your telephone company, cell phone company, or internet service provider showing the claimed charges.

❑ Unreimbursed costs or charges for obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage):

Total amount claimed for this category: $_____

*Examples*: The cost of purchasing a credit report or placing a credit freeze.

3

**Required**: A copy of a receipt of other proof of purchase for each credit report, credit freeze, or credit monitoring or identity theft protection services (up to two years of coverage) purchased or placed.

❑ Postage costs:

Total amount claimed for this category: $_____

**Examples**: Postage for correspondence with your bank or credit card company about unauthorized charges.  The cost of submitting this form is not included.

**Required**: A copy of any receipt or proof of purchase for all postage costs claimed showing date, amount and vendor.

## 5.    PAYMENT METHOD

**Please select the manner in which payment will be issued for your valid Claims.**

-     _____
-     _____
-     _____
- Electronic Payment      ❑      _____ (Email Address) _____
- Paper Check via      ❑
  Mail:

\* If you select Electronic Payment, and your claim is approved, you will be sent an email to the email address entered on this form with your electronic payment options at the time payments are sent.**6.    CERTIFICATION**

The information I have supplied in this Claim Form is true and correct to the best of my recollection and this form was executed on the date set forth below.

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

Signature: _____

Print Name: _____

Date: _____

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by _____, 202_.

[INSERT CLAIMS ADMINISTRATOR ADDRESS]

4

# EXHIBIT B

to
Settlement Agreement
*(Long Notice)*

## NOTICE OF CLASS ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO**
*Beasley v. TTEC Services Corp.*, Case No. 22-cv-00097-PAB-NYW; and
*Anderson v. TTEC Services Corp.*, Case No. 22-cv-00347-PAB-NYW

**To:** **All individuals identified by TTEC Services Corporation ("TTEC") and to whom TTEC and Health Net, LLC ("Health Net") sent notice on or about December 8, 2021 that their information may have been impacted in the Data Security Incident, defined below.**

A proposed settlement has been reached in class action lawsuits titled, *Beasley v. TTEC Services Corp.*, No. 22-cv-0097 (D. Colo.); *Anderson v. TTEC Services Corp.*, No. 22-cv-00347-PAB-NYW (D. Colo.); *Lett v. TTEC Services Corp., et al.*, No. 3:22-cv-00018-SK (N.D. Cal.); and *Barocas v. TTEC Services Corp.*, No. 2:22-cv-00217-JFM (D. Ariz.) (the "Lawsuits"). The lawsuits assert claims against Defendants TTEC and Health Net (together, "Defendants") related to a security incident that occurred between March and September 2021 and about which Defendants notified potentially impacted individuals in December 2021 (the "Data Security Incident"). Defendants deny all of the claims and deny that they did anything wrong.

The settlement offers payments and identity-theft protection to all individuals in the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021 ("Settlement Class Members"). Certain of the amounts paid will depend upon how many people submit valid claims but initially are set at the following amounts:

(1) A Basic Award of **$100.00**; (2) a California Subclass Award of **$100.00** for California residents; (3) **36 months** of free identity-theft protection, called "Financial Shield" by Aura (a.k.a. Pango); and (4) if you experienced unreimbursed unauthorized or fraudulent charges or out of pocket expenses which you believe in good faith were fairly traceable to the Data Security Incident, you may **also** file a claim for a Reimbursement Award of up to **$5,000**, as explained below.

If you are a Settlement Class Member, your options are:

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | You must submit a valid claim form to receive a payment from this Settlement. | **MONTH DAY, 20XX** |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendants over the claims resolved in the settlement. | **MONTH DAY, 20XX** |
| **EXCLUDE YOURSELF** | You may exclude yourself from this settlement and keep your right to sue separately. If you exclude yourself, you receive no payment. Exclusion instructions are provided in this Notice. | **MONTH DAY, 20XX** |
| **OBJECT** | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the settlement. | **MONTH DAY, 20XX** |

**Questions? Go to www.XXXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX**

The Court must give final approval to the settlement before it takes effect, but has not yet done so. No payments will be made until after the court gives final approval and any appeals are resolved.

**Please review this Notice carefully.**  You can learn more about the settlement by visiting www._____.com or by calling 1-800-XXX-XXXX.

## Further Information about this Notice and the Lawsuits

### 1.  Why was this Notice issued?

Settlement Class Members are eligible to receive payment from a proposed settlement of four Lawsuits.  The court overseeing two of the Lawsuits pending in the District of Colorado authorized this Notice to advise Settlement Class Members about the proposed settlement that will affect their legal rights.  This Notice explains certain legal rights and options Settlement Class Members have in connection with the settlement.

### 2.  What are the Lawsuits about?

The Lawsuits are proposed class action lawsuits brought on behalf of certain current and former TTEC employees and/or clients whose information may have been obtained by unauthorized individuals as part of the Data Security Incident.  The affected information may include names, dates of birth, healthcare ID numbers, medical histories, and Social Security numbers.

The Lawsuits claim Defendants are legally responsible for the Data Security Incident and assert various legal claims, including negligence, breach of implied contract, invasion of privacy, breach of confidence, unjust enrichment, and violations of state privacy statutes including the California Consumer Privacy Act.  Defendants deny these claims and deny that they did anything wrong.

### 3.  Why are the Lawsuits class actions?

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of others who have similar claims.  Together, all of these people are the "class" and each individually is a "class member."  There are seven Representative Plaintiffs in this case:  Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Lett. The class in these cases is referred to in this Notice as the "Settlement Class."

### 4.  Why is there a settlement?

The Representative Plaintiffs in the Lawsuits, through their attorneys, investigated the facts and law relating to the issues in the Lawsuits.  The Representative Plaintiffs and Class Counsel believe that the settlement is fair, reasonable, and adequate and will provide substantial benefits to the Settlement Class.  The Court has not decided whether the Representative Plaintiffs' claims or Defendants' defenses have any merit, and it will not do so if the proposed settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will receive compensation. The settlement does not mean that Defendants did anything wrong, or that the Representative Plaintiffs and the Class would or would not win their case if it were to go to trial.

## Terms of the Proposed Settlement

**5.   Who is in the Settlement Class?**

The Settlement Class is defined by the Court as all individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff, and persons who timely and validly request exclusion from the Settlement Class.

**6.   What are the terms of the settlement?**

The proposed settlement would create a Settlement Fund of $2,500,000.00 that would be used to pay all costs of the settlement, including: (i) payments to Settlement Class Members who submit valid claims; (ii) costs of administration and notice (approximately $170,000); (iii) any attorneys' fees and costs awarded by the Court to Class Counsel (up to $750,000 plus litigation costs and expenses of up to $20,000); (iv) the cost of providing members of the Settlement Class 36 months of identity theft protection services; and (v) any service awards to the Representative Plaintiffs awarded by the Court (up to $17,500 total). The settlement also releases all claims or potential claims of Settlement Class Members against Defendants arising from or related to the Data Security Incident, as detailed in the Class Settlement Agreement and Release.

**7.   What claims are Settlement Class Members giving up under the settlement?**

Settlement Class Members who do not validly exclude themselves from the settlement will be bound by the Class Settlement Agreement and Release and any final judgment entered by the Court, and will give up their right to sue Defendants for the claims being resolved by the settlement, including all claims or potential claims of Settlement Class Members against Defendants arising from or related to the Data Security Incident. The claims that Settlement Class Members are releasing are described in Section 1.32 of the Class Settlement Agreement and Release and the persons and entities being released from those claims are described in Section 1.33 of the Class Settlement Agreement and Release. Section 8 of the Class Settlement Agreement and Release explains when such releases will occur.

## Payments to Settlement Class Members

**8.   What kind of payments can Settlement Class Members receive?**

Settlement Class Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the Settlement Fund: (1) a Basic Award of **$100;** (2) a California Subclass Award of **$100**; (3) 36 months of Identity-Theft Protection Services; and (4) a Reimbursement Award. Settlement Class Members who were residents of California at any time from March 31, 2021 to September 12, 2021 ("California Settlement Subclass Members") who submit valid claims will receive the $100 California Subclass Award in addition to the $100 Basic Award, Reimbursement Award, and Identity-Theft Protection Services. Depending on how many valid claims are submitted, the amounts of the Basic Award and California Subclass Award will be adjusted upward or downward proportionally among Settlement Class Members submitting valid claims for those awards, as explained further below in Question 11.

**Questions? Go to www.XXXXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX**

### 9.  What are the Basic Award and the California Subclass Award?

Every Settlement Class Member is eligible to receive a **$100** Basic Award, and every California Settlement Subclass Member is eligible to receive an additional **$100** California Subclass Award regardless of whether he or she experienced any unauthorized charges or identifiable losses related to the Data Security Incident.  Settlement Class Members seeking a Basic Award and/or a California Subclass Award must provide the information required on the Claim Form.  The $100 Basic Award and the $100 California Subclass Award are subject to upward or downward adjustment as described below in Question 11.

Eligibility for any award, including the Basic Award and California Subclass Award, is within the discretion of the Claims Administrator as outlined in Paragraph 16.

### 10.  What is a Reimbursement Award?

Settlement Class Members who, at any time from March 31, 2021 to [ENTER CLAIMS DEADLINE], experienced unauthorized or fraudulent charges or out of pocket losses that are fairly traceable to the Data Security Incident are eligible to receive a Reimbursement Award of up to $5,000 as reimbursement for those charges and expenses.  The following types of out of pocket expenses may be claimed:

- Payment card fees or bank fees, including card reissuance fees, overdraft fees, charges related to unavailability of funds, late fees, over-limit fees and fees relating to an account being frozen or otherwise unavailable due to the Data Security Incident;

- Cell, internet or text charges;

- Costs or charges for obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage); and

- Postage costs.

You cannot recover for emotional distress.  Claimants must exhaust all available credit monitoring insurance and identity theft insurance before seeking a Reimbursement Award.  Settlement Class Members seeking a Reimbursement Award must provide the information and documents required on the Claim Form.

### 11.  When and how will the amount of settlement payments be adjusted?

The amounts paid for all Basic Awards and California Subclass Awards will be adjusted upward or downward from the amounts listed in Question 9 depending on how many Settlement Class Members submit valid claims.

If the total dollar value of all valid claims is less than the amount of money available in the Settlement Fund for payment of those claims, the amounts for Basic Awards and California Subclass Awards will be adjusted upward proportionally among all valid claims for those awards, until the amounts remaining in the Settlement Fund are exhausted (or as nearly as possible).

If the total dollar value of all valid claims is more than the amount of money available in the Settlement Fund for payment of those claims, the amount of the payments for Basic Awards and California Subclass Awards will be adjusted downward proportionally among all Settlement Class Members who submitted valid claims for Basic Awards and California Subclass Awards.

## 12.  What happens after all claims are processed and there are funds remaining?

If there are any funds remaining after all valid claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization.  No remaining funds will be returned to Defendants.

# Your Options as a Settlement Class Member

## 13.  If I am a Settlement Class Member, what options do I have?

If you are a Settlement Class Member, you do not have to to do anything to remain in the settlement. **However, if you wish to seek an award under the settlement, you must complete and submit a Claim Form postmarked or submitted online** at www._____.com by **[INSERT DATE]**.

If you do not want to give up your right to sue Defendants about the Data Security Incident or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class.  See Question 17 below for instructions on how to exclude yourself.

If you wish to object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 20 below for instructions on how to submit an objection.

## 14.  What happens if I do nothing?

If you do nothing, you will get no award from this settlement.  Unless you exclude yourself, after the settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants related to the claims released by the settlement.

## 15.  How do I submit a claim?

You may complete the Claim Form online at **www._____.com.**  You may also obtain a paper Claim Form by downloading it at **www._____.com** or by calling the claims administrator at **[INSERT TOLL-FREE NUMBER]**.  If you choose to complete a paper Claim Form, you must submit the completed and signed Claim Form, and any supporting materials, by mail to:      **[INSERT CLAIMS MAILING ADDRESS].**

## 16.  Who decides my settlement claim and how do they do it?

The Claims Administrator will decide whether a Claim Form is complete and valid and includes all required documentation.  The Claims Administrator may require additional information from any claimant.  Failure to timely provide all required information will invalidate a claim and it will not be paid.

## 17.  How do I exclude myself from the settlement?

To opt out of the settlement you must make a signed, written request that (i) says you wish to exclude yourself from the Settlement Class in these Lawsuits, and (ii) includes your name, address

Questions? Go to www.XXXXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX

5

and phone number.   You must submit your request through the settlement website (www._____.com) or mail your request to this address:

**[INSERT REQUEST FOR EXCLUSION MAILING ADDRESS]**

Your request must be submitted online or postmarked by **[INSERT DATE]**.

### 18.  If I exclude myself, can I receive any payment from this settlement?

No.  If you exclude yourself, you will not be entitled to any award.  However, you will also not be bound by any judgment in these Lawsuits.

### 19.  If I do not exclude myself, can I sue Defendants for the Data Security Incident later?

No.  Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.  If you exclude yourself, do not submit a Claim Form requesting a payment.

### 20.  How do I object to the settlement?

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it.  You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing and it and any supporting papers must be mailed to the Clerk of the Court, Settlement Class Counsel and Defendants' Counsel, at the mailing addresses listed below.  Your objection must be filed or postmarked no later than the objection deadline, **[INSERT OBJECTION DEADLINE]**:

| Court | Defendants' Counsel |
|---|---|
| Office of the Clerk<br>U.S. District Court for the District of Colorado<br>901 19th Street, Room A105<br>Denver, CO 80294-3589 | Gregory T. Parks<br>Kristin M. Hadgis<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 |
| Settlement Class Counsel | |
| Jean S. Martin<br>MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Gary Klinger<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe St., Suite 2100<br>Chicago, IL 20016 |
| Scott Edward Cole<br>COLE & VAN NOTE<br>555 12th Street, Suite 1725<br>Oakland, CA 94607 | |

**Questions? Go to www.XXXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX**

6

To be considered by the Court, your objection must list the name of one or both of the Lawsuits pending in the District of Colorado: *Beasley v. TTEC Services Corp.*, No. 22-cv-0097 (D. Colo.); and *Anderson v. TTEC Services Corp.*, No. 22-cv-00347-PAB-NYW (D. Colo.), and include all of the following information: (i) your full name, address, telephone number, and e-mail address (if any); (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (such as the notice you received from TTEC or Health Net or the notice of this settlement); (iii) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection you believes applicable; (v) the identity of any counsel representing you; (vi) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of your objections and any documents to be presented or considered; and (viii) your signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

## Court Approval of the Settlement

**21.  How, when and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. That hearing is scheduled for _____, 202__ at _____ a.m./p.m. at the Alfred A. Arraj United States Courthouse, 901 19th Street, Courtroom A701, Denver, CO 80294. Please visit the Court's website at http://www.cod.uscourts.gov/Home.aspx for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs, and the request for service awards for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check www._____.com or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at http://www.cod.uscourts.gov/CourtOperations/PACER.aspx to confirm the schedule if you wish to attend.

**22.  Do I have to attend the hearing?**

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 20. You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

Questions? Go to www.XXXXXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX

7

**23.  What happens if the Court approves the settlement?**

If the Court approves the settlement and no appeal is taken, the Settlement Fund will be fully funded.  The Claims Administrator will pay any attorney fees' and costs award and any Representative Plaintiffs' service awards from the Settlement Fund.  Then, within the later of 30 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send settlement payments to Settlement Class Members who submitted timely and valid Settlement Claims.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

**24.  What happens if the Court does not approve the settlement?**

If the Court does not approve the settlement, no Settlement Fund will be created, there will be no settlement payments to Settlement Class Members, Settlement Class Counsel or the Representative Plaintiffs, and the case will proceed as if no settlement had been attempted.

## Lawyers for the Settlement Class and Defendants

**25.  Who represents the Settlement Class?**

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

| | |
|---|---|
| Jean S. Martin<br>MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>(813) 559-4908 | Gary Klinger<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe St., Suite 2100<br>Chicago, IL 20016<br>866-247-0047 |
| Scott Edward Cole<br>COLE & VAN NOTE<br>555 12th Street, Suite 1725<br>Oakland, CA 94607<br>(510) 891-9800 | |

Settlement Class Members will not be charged for the services of Settlement Class Counsel; Settlement Class Counsel will be paid out of the Settlement Fund, subject to Court approval.  However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

**26.  How will the lawyers for the Settlement Class be paid?**

Settlement Class Counsel will request the Court's approval of an award for attorneys' fees up to one-third (30%) of the Settlement Fund (or up to $750,000), plus reasonable costs and expenses (up to $20,000), which shall be paid from the Settlement Fund.  Settlement Class Counsel will also request approval of service awards of $2,500 to each of the Representative Plaintiffs (a total of $17,500), which shall also be paid from the Settlement Fund.

**27.  Who represents Defendants in the Lawsuit?**

Defendants are represented by the following lawyers:

> Gregory T. Parks
> Kristin M. Hadgis
> MORGAN, LEWIS & BOCKIUS LLP
> 1701 Market St.
> Philadelphia, PA 19103-2921

## For Further Information

**28.  What if I want further information or have questions?**

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the Class Settlement Agreement and Release available at www._____.com, by contacting Settlement Class Counsel at the phone numbers provided in response to Question 25 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at http://www.cod.uscourts.gov/CourtOperations/PACER.aspx, or by visiting the Office of the Clerk, U.S. District Court for the District of Colorado, 901 19th Street, Room A105, Denver, CO 80294-3589 between 8:00 a.m. and 5:000 p.m., Monday through Friday, excluding Court holidays.

Epiq will act as the Claims Administrator for the settlement.  You can contact the Claims Administrator at:

**[INSERT CONTACT INFO FOR CLAIMS ADMINISTRATOR]**

**Please do not contact the Court.**

# EXHIBIT C

to
Settlement Agreement
*(Short Notice)*

Postcard Notice

Front of Postcard:

TTEC Claims Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

Unique ID <<UNIQUEID>>

# If you were notified of a Data Security Incident involving TTEC Services Corporation, you may be entitled to benefits from a settlement.

Back of Postcard:

A proposed settlement has been reached in class action lawsuits against TTEC Services Corporation ("TTEC") and Health Net, LLC (together, "Defendants") related to a data security incident that occurred between March and September 2021 and about which Defendants notified potentially impacted individuals in December 2021. The lawsuits claim Defendants are legally responsible for the Data Security Incident, where names, dates of birth, healthcare ID numbers, medical histories, and Social Security numbers of employees and/or clients may have been obtained by unauthorized individuals. The lawsuits assert various legal claims, including negligence, breach of implied contract, invasion of privacy, breach of confidence, unjust enrichment, and violations of state privacy statutes including the California Consumer Privacy Act. Defendants deny these claims and deny that they did anything wrong.

**You are receiving this notice because you may be a Settlement Class Member**. The Settlement Class is defined by the Court as all individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021.

Under the terms of the settlement, you can recover the following benefits: (1) a Basic Award of $100.00; (2) a California Subclass Award of $100.00 for California residents; (3) 36 months of free identity-theft protection, called "Financial Shield" by Aura; and (4) if you experienced unreimbursed unauthorized or fraudulent charges or out of pocket expenses which you believe in good faith were fairly traceable to the Data Security Incident, you may also file a claim for a Reimbursement Award of up to $5,000.

The easiest way to submit a claim is online at **www.XXXXXXXXXXX.com** using your Unique ID found on the front of this postcard. To be eligible, you must complete and submit a valid Claim Form, postmarked or submitted online on or before **MONTH DAY, 20XX**. You can also exclude yourself or object to the Settlement on or before **MONDAY DAY, 20XX**. If you do not exclude yourself from the Settlement, you will remain in the Class and will give up the right to sue the Defendants over the claims resolved in the Settlement. **A summary of your rights under the Settlement and instructions regarding how to submit a claim, exclude yourself, or object are available at www.XXXXXXXXXXX.com.**

The Court will hold a Final Approval Hearing on **MONTH DAY, 20XX, at X:XX X.m.** At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also listen to people who have asked to speak at the hearing. You may attend the Hearing at your own expense, or you may also pay your own lawyer to attend, but it is not necessary. It is possible the Court could

reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check **www.XXXXXXXXXXX.com**.

This notice is a summary.  The Settlement Agreement and more information about the lawsuits and Settlement are available at **www.XXXXXXXXXXX.com** or by calling toll-free **1-XXX-XXX-XXXX.**

# **EXHIBIT D**

to
Settlement Agreement
*(Proposed Order Granting Preliminary Approval)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00097-PAB-NYW
(Consolidated with Civil Action No. 22-cv-00347-NRN)

---

Civil Action No. 22-cv-00097-PAB-NYW

YOLANDA BEASLEY,
KIMBERLY SHEARS-BARNES,
SHENEEQUA CARRINGTON, and
JOLYNN FROST, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

TTEC SERVICES CORPORATION,

      Defendant.

---

Civil Action No. 22-cv-00347-PAB-NYW

DAVID ANDERSON, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

TTEC SERVICES CORPORATION,

      Defendant.

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

      Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, (Doc. No. ___) (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 2 to Plaintiffs' Motion (the

"Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the Motion and orders as follows:

1. **<u>Class Certification for Settlement Purposes Only</u>**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021.

> Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff, and persons who timely and validly request exclusion from the Settlement Class.

> The Settlement also provides for a California Subclass defined as:

> All natural persons residing in the State of California at the time of the Data Security Incident (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC Data Security Incident that occurred in approximately March to September of 2021.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class and California Subclass for purposes of judgment on the Settlement because they meet all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and the Representative Plaintiffs seek similar relief as the claims of the Settlement Class Members; d) the Representative Plaintiffs will fairly and adequately

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

protect the interests of the Settlement Class as the Representative Plaintiffs have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Lett will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representatives. Additionally, the Court finds that Jean S. Martin of MORGAN & MORGAN; Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; and Scott Edward Cole of COLE & VAN NOTE will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on _____ _____, 202___, at _____ [via telephone or videoconference or in-person] at the Alfred A. Arraj United States Courthouse, 901 19th Street, Courtroom A701, Denver, CO to determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for a Service Award should be approved.

6. **Claims Administrator**. The Court appoints Epiq Class Action & Claims Solutions, Inc., as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and

method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9.    **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion to permit issuance of notice, Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.   **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice.

For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must: (a) state the Settlement Class Member's full name, address, and telephone

number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If the final Judgment and Order of Dismissal is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal. Settlement Class Members who submit valid and timely Opt-Out Requests for Exclusion shall not be entitled to receive any benefits from the Settlement.

11. **Objections and Appearances**. A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to send their written objections only to the Court. The Notice shall make clear that the Court can only approve or deny the Class Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for

submission of any objections. Any such notices of an intent to object to the Class Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any). To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal if entered.

12.     **Claims Process**.  The Settlement Agreement contemplates the establishment of a Settlement Fund and a claims process. Defendants will pay $2,500,000.00 to create the Settlement

Fund that will be used to pay claims as determined by the Claims Administrator, pay Settlement Class Counsel's Attorneys' Fees, Costs, and Expenses as awarded by the Court, and pay the Service Awards awarded to the Representative Plaintiffs by the Court.

Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Judgment and Order of Dismissal is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Judgment and Order of Dismissal, including the release.

13.    **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (4) the number of Opt-Outs is greater than 3% of the estimated Settlement Class. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's

orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.     **Use of Order**. This Order shall be of no force or effect if the Final Judgment and Order of Dismissal is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.     **Settlement Fund**. A Settlement Fund shall be established and funded in accordance with the terms of the Settlement Agreement.

16.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17.     **Stay of Litigation.** All proceedings in the Litigation other than those related to approval of the Class Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Class Settlement Agreement.

17.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| **Defendants Provide CAFA Notice required by 28 U.S.C. § 1715(b)** | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| **Defendants Provide Class List to Claims Administrator** | Within 15 days after entry of this Preliminary Approval Order |
| **Notice Deadline for Claims Administrator to Send Summary Notice** | Within 15 days after receiving the Settlement Class list from Defendants |
| | |
| **Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be Filed by Class Counsel** | At Least 14 days before the Objection Deadline |
| **Postmark Deadline for requests for Exclusion (Opt-Out) or Objections** | 75 days after entry of this Preliminary Approval Order |
| **Postmark/Filing Deadline for Filing Claims** | 90 days after Notice Deadline |
| **Motion for Final Approval to be Filed by Class Counsel** | At Least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | No earlier than 100 days after entry of this Preliminary Approval Order |

**DONE AND ORDERED** in Denver, Colorado on this _____ day of _____, 2022.

_____
**HONORABLE PHILIP A. BRIMMER**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT E

to
Settlement Agreement
*(Proposed Order Granting Final Approval)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00097-PAB-NYW
(Consolidated with Civil Action No. 22-cv-00347-NRN)

---

Civil Action No. 22-cv-00097-PAB-NYW

YOLANDA BEASLEY,
KIMBERLY SHEARS-BARNES,
SHENEEQUA CARRINGTON, and
JOLYNN FROST, on behalf of themselves and all others similarly situated,

     Plaintiffs,

v.

TTEC SERVICES CORPORATION,

     Defendant.

---

Civil Action No. 22-cv-00347-PAB-NYW

DAVID ANDERSON, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

TTEC SERVICES CORPORATION,

     Defendant.

---

**[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

---

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiffs Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Lett (hereinafter "Representative Plaintiffs") and Defendants TTEC Services Corporation ("TTEC") and Health Net, LLC ("Health Net") (collectively "Defendants"), as fair,

reasonable and adequate, awarding attorneys' fees and costs to Class Counsel as outlined herein, and awarding service awards to Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement and the motions for final approval of the settlement, an award of attorneys' fees and costs, and service awards to the Plaintiffs, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** on _____, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the classes and class claims, appointing Plaintiffs as Representative Plaintiffs, and appointing Jean S. Martin of MORGAN & MORGAN; Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; and Scott Edward Cole of COLE & VAN NOTE Settlement Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS,** on _____**[DATE]**, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS,** on _____**[DATE]**, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement

are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Settlement Class Counsel, and the payment of Service Awards to the Representative Plaintiffs;

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the

Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.      The Settlement involves allegations in Plaintiffs' Complaint and Jury Demand against Defendants for failure to implement or maintain adequate data security measures for the sensitive information of current and former employment applicants, employees, and insurance policy members, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.      The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4.      Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021.

Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff, and persons who timely and validly request exclusion from the Settlement Class.

The Settlement also provides for a California Subclass defined as:

All natural persons residing in the State of California at the time of the Data Security Incident (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC Data Security Incident that occurred in approximately March to September of 2021.

6.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

A.      Defendants to institute a Settlement Claims Administration as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.

B.      Defendants to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

C.     Defendants to pay, subject to the approval and award of the Court, the reasonable attorneys' fees of Class Counsel and service awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court.  Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, Final Approval Hearing, the application for attorneys' fees and costs and expenses, and the proposed service award payments to the Representative Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.      The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10.     The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14. Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Any and all claims, causes of action of every kind and description, liabilities, rights, demands, suits, matters, obligations, and damages (including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs), whether known or unknown (including Unknown Claims) and whether in law or in equity, that the Settlement Class Members (and the respective heirs, administrators, representatives, attorneys, agents, officers, directors, employees, parents, subsidiaries, administrators, partners, predecessors, successors, assigns, subrogees, insurers, co-insurers, reinsurers and insurance

brokers of each of Plaintiffs, Settlement Class Counsel and the Settlement Class Members and all other legal or natural persons who may claim by, through or under them who have not excluded themselves from the Settlement Class) had, have, or may have against TTEC, Health Net, or the Released Parties that result from, arise out of, are based upon, or relate to the Data Security Incident.  For the avoidance of doubt, Released Claims include, without limitation, all claims asserted or that could have been asserted in the Litigation or any other suit or pleading in any other court or forum arising out of, based upon, or related in any way to the Data Security Incident, including without limitations, any claims (including common law and statutory claims), actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the alleged theft, exposure, or disclosure of Settlement Class Members' Personal Information; (2) the maintenance and storage of Settlement Class Members' Personal Information; (3) TTEC's information security policies and practices; and/or (4) TTEC's notice or alleged lack of timely notice of the Data Security Incident to Settlement Class Members.

Released Claims does not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

17. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Representative Plaintiffs in the total amount of $2,500 each as a service award for their efforts on behalf of the Settlement Class.

Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

18.    The Court has appointed Jean S. Martin of MORGAN & MORGAN; Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; and Scott Edward Cole of COLE & VAN NOTE as Settlement Class Counsel.

19.    The Court, after careful review of the time entries and rates requested by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for attorneys' fees, costs, and expenses in the amount of _____. Payment shall be made pursuant to the terms of the Settlement Agreement.

20.    This Order resolves all claims against all parties in this action and is a final order.

21.    The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement, without affecting the finality of this Final Approval Order and Judgment.

Dated: _____        _____
                                     **HONORABLE PHILIP A. BRIMMER**
                                     **UNITED STATES DISTRICT JUDGE**