**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| YOLANDA BEASLEY,<br>KIMBERLY SHEARS-BARNES,<br>SHENEEQUA CARRINGTON,<br>and JOLYNN FROST, individually and on<br>behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>TTEC SERVICES CORPORATION,<br><br>     Defendant. | Civil Action No. 22-cv-00097-PAB-NYW |
| DAVID ANDERSON, individually and on<br>behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>TTEC SERVICES CORPORATION,<br><br>     Defendant. | Civil Action No. 22-cv-00347-PAB-NYW<br>(Consolidated with Civil Action No. 22-cv-00097-PAB-NYW) |

## DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM

I, Cameron R. Azari, Esq., hereby declare and state as follows:

     1.     My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

     2.     I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

     3.     I am a Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.  Hilsoft Notifications is a business unit of Epiq.

     4.     I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Plan*

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND**
**ADEQUACY OF NOTICE PROGRAM**

*and Notices* on September 15, 2022, which described the proposed Notice Program, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae.* I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

5.     The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## OVERVIEW

6.     This declaration describes the implementation of the Settlement Notice Program ("Notice Program") and notices (the "Notice" or "Notices") for *Beasley, et al. v. TTEC Services Corp.*, Case No. 22-cv-00097-PAB-NYW and *Anderson v. TTEC Services Corp.*, Case No. 22-cv-00347-PAB-NYW, both in the United States District Court for the District of Colorado.

## NOTICE PROGRAM SUMMARY

7.     Federal Rule of Civil Procedure, Rule 23 directs that notice must be the best notice practicable under the circumstances and must include "individual notice to all members who can be identified through reasonable effort." The Notice Program as implemented here satisfied this requirement.

8.     The Notice Program was designed to reach the greatest practicable number of Settlement Class Members with individual notice by mail. The Notice Program notice efforts reached approximately 92.6% of the identified Settlement Class Members. The reach was further enhanced by a Settlement Website. In my experience, the reach of the Notice Program was consistent with other court-approved notice programs, was the best notice practicable under the circumstances of this case, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[1]

---

[1] *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

2

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM**

### CAFA NOTICE

9.       On September 22, 2022, Epiq sent 57 CAFA Notice Packages ("CAFA Notice") on behalf of Defendant TTEC Services Corporation, as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.  The CAFA Notice was sent via United States Postal Service ("USPS") Certified Mail to 56 officials, which included the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories.  The CAFA Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  Details regarding the CAFA Notice mailing are provided in the *Declaration of Stephanie J. Fiereck, Esq. Certifying Class Action Fairness Act Notice*, dated September 22, 2022, which is included as **Attachment 1**.

### NOTICE PROGRAM DETAIL

10.       On May 9, 2023, the Court approved the Notice Program and appointed Epiq as the Claims Administrator in the *Order* ("Preliminary Approval Order").  In the Preliminary Approval Order, the Court also provisionally certified the following Settlement Class and California Subclass:

Settlement Class: All individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021.

Excluded from the Settlement Class are any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff, and persons who timely and validly request exclusion from the Settlement Class.

California subclass:  All natural persons residing in the State of California at the time of the Data Security Incident (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC Data Security Incident that occurred in approximately March to September of 2021.

Excluded from the California Subclass are any judge presiding over the litigation and any members of their first-degree relatives; judicial staff; the officers and directors of TTEC; and persons who timely and validly request exclusion from the California subclass.

11.       After the Court's Preliminary Approval Order was entered, we began to implement the Notice Program.  This declaration details the notice activities undertaken to date and explains

3

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM**

how and why the Notice Program was comprehensive and well-suited to reach the Settlement Class Members.  This declaration also discusses the administration activity to date.

## NOTICE PROGRAM

### *Individual Notice*

12.     On May 11, 2023, Epiq received two data files with 188,803 records, which included names and physical address information for identified Settlement Class Members.  Epiq standardized and deduplicated the data and rolled-up records where there was an exact match, which resulted in 187,447 unique identified Settlement Class Member records that were loaded into its database for the case.  As a result of this process, 187,447 unique identified Settlement Class Member records with an available mailing address and were sent a Postcard Notice.

### *Individual Notice – Direct Mail*

13.     On June 8, 2023, Epiq sent 187,447 Postcard Notices to identified Settlement Class Members with an associated physical mailing address.  The Postcard Notices were sent via United States Postal Service ("USPS") first-class mail.   The Postcard Notice clearly and concisely described the Settlement and the legal rights of the Settlement Class Members and directed Settlement Class Members to the Settlement Website for additional information.  The Postcard Notice is included as **Attachment 2**.

14.     Prior to sending the Postcard Notice, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure Settlement Class Member address information was up-to-date and accurately formatted for mailing.[2]  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry

---

[2] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™.  The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM**

and for the majority of promotional mailings that occur today.

15.     The return address on the Postcard Notices is a post office box that Epiq maintains for this case.  The USPS automatically forwarded Postcard Notices with an available forwarding address order that had not expired ("Postal Forwards").  Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order had expired, but was still within the time period in which the USPS returned the piece with the address indicated), and to better addresses that were found using a third-party lookup service.  Upon successfully locating better addresses, Postcard Notices were promptly remailed.  As of July 25, 2023, Epiq has remailed 21,689 Postcard Notices.

16.     Additionally, a Claim Package (Long Form Notice and Claim Form) was mailed to all persons who requested one via the toll-free telephone number or other means.  As of July 25, 2023, 545 Claim Packages have been mailed as a result of such requests.  The Long Form Notice is included as **Attachment 3**.  The Claim Form is included as **Attachment 4**.

*Notice Results*

17.     As of July 25, 2023, a Postcard Notice was delivered to 173,669 of the 187,447 unique, identified Settlement Class Members.  This means the individual notice efforts reached approximately 92.6% of the identified Settlement Class Members.

*Settlement Website*

18.     On May 18, 2023, Epiq established a dedicated website for the Settlement with an easy to remember domain name (www.TTECSettlement.com).  Relevant documents, including the Long Form Notice, Postcard Notice, Claim Form, Class Settlement Agreement and Release, Preliminary Approval Order, and Motion for Attorneys' Fees are posted on the Settlement Website.  The Settlement Website also provides the ability for Settlement Class Members to file an online Claim Form.  In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members could opt-out (request exclusion) from or object to the Settlement, contact information for the Claims Administrator, and

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM**

how to obtain other case-related information.  The website address was prominently displayed in all notice documents.  As of July 25, 2023, there have been 11,207 unique visitor sessions to the Settlement Website, and 62,785 web pages have been presented.

### Toll-Free Number and Other Contact Information

19.     On May 18, 2023, Epiq established a toll-free telephone number (1-800-391-1531) to allow Class Members to call for additional information, listen to answers to FAQs, and to request that a Claim Package be mailed to them.  This automated phone system is available 24 hours per day, 7 days per week.  The toll-free telephone number was prominently displayed in all notice documents.  As of July 25, 2023, there have been 3,256 calls to the toll-free telephone number representing 8,828 minutes of use.

20.     A postal mailing address and an email address were established and continue to be available, providing Settlement Class Members with the opportunity to request additional information or ask questions.

### PLAIN LANGUAGE NOTICE DESIGN

21.     The Notices and Claim Form were carefully designed in consultation with counsel for the settling parties, to be "noticed," reviewed, and—by presenting the information in plain language—understood by Settlement Class Members.  The Notices contained substantial, easy-to-read summaries of all key information about Settlement Class Members' rights and options under the Settlement.  Consistent with our standard practice, all notice documents underwent a final edit for grammar and accuracy prior to their dissemination and publication.

22.     The Long Form Notice provided substantial information to Settlement Class Members.  The Long Form Notice included (i) details regarding the Settlement Class Members' ability to opt out or object to the Settlement Agreement, (ii) instructions on how to submit a Claim Form, (iii) the deadline to submit a Claim Form, opt out, or object, and (iv) the date, time, and location of the Final Fairness Hearing, among other information.

### Requests for Exclusion and Objections

23.     The deadline to request exclusion from the Settlement or to object to the Settlement

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM**

was July 24, 2023.  As of July 25, 2023, Epiq has received 15 valid requests for exclusion.  A copy of the Exclusion Report is included as **Attachment 5**.  As of July 25, 2023, I am aware of no objections to the Settlement.

### *Claim Submission & Distribution Options*

24.     The Notices provided a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Settlement Class Members could file a Claim Form online or by mail prior to the claim filing deadline.  With any method of filing a Claim Form, Settlement Class Members are given the option of receiving a digital payment or a traditional paper check.

25.     The deadline for Settlement Class Members to file a Claim Form is September 6, 2023.  As of July 25, 2023, Epiq has received 6,794 Claim Forms (6,735 online and 59 paper).  As standard practice, Epiq is in the process of conducting a complete review and audit of all claims received.  There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms, though Epiq does not anticipate this change to be substantial.

### CONCLUSION

26.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice program be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice program itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way.  All of these requirements were met in this case.

27.     The Notice Program included an extensive individual notice effort to identified Settlement Class Members.  With the address updating protocols that were used, the Notice Program individual notice efforts reached approximately 92.6% of the identified Settlement Class

7

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM**

Members.  The individual notice was supplemented with a dedicated Settlement Website.  The Federal Judicial Center's ("FJC") Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide states that "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Settlement Class.  It is reasonable to reach between 70–95%."[3]  Here, we have developed and implemented a Notice Program that readily achieved a reach at the highest end of that standard.

28.     The Notice Program followed the guidance for satisfying due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which emphasize the need: (a) to endeavor to actually inform the Settlement Class, and (b) to ensure that notice is reasonably calculated to do so:

    a.     "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and

    b.     "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314).

29.     The Notice Program provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rule of Civil Procedure 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth, and satisfied the requirements of due process, including its "desire to actually inform" requirement.

30.     The Notice Program schedule afforded enough time to provide full and proper notice to Settlement Class Members before any opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct.  Executed July 28, 2023.

_____
Cameron R. Azari, Esq.

---

[3] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM**

Attachment 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| YOLANDA BEASLEY, KIMBERLY SHEARS-BARNES, SHENEEQUA CARRINGTON, and JOLYNN FROST, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>   v.<br><br>TTEC SERVICES CORPORATION,<br><br>Defendant. | Case No. 22-CV-00097-PAB-NYW |

**DECLARATION OF STEPHANIE J. FIERECK, ESQ. CERTIFYING**
**CLASS ACTION FAIRNESS ACT NOTICE**

I, Stephanie J. Fiereck, Esq., declare as follows:

1.     My name is Stephanie J. Fiereck, Esq. I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.     I am the Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have overseen and handled Class Action Fairness Act ("CAFA")[1] notice mailings for more than 375 class action settlements.

3.     Epiq is a firm with more than 25 years of experience in claims processing and settlement administration. Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt

---

[1] Class Action Fairness Act, codified at 28 U.S.C. § 1715.

and processing of opt-outs, coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

4.      The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of business by my colleagues at Epic.

## CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for the Defendant TTEC Services Corporation, 57 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories were identified to receive the CAFA notice.

6.      Epiq maintains a list of these state and federal officials with contact information for the purpose of providing CAFA notice. Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[2]

7.      On September 22, 2022, Epiq sent 57 CAFA Notice Packages ("Notice"). The Notice was mailed by certified mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories. The Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States. The CAFA Notice Service List (USPS Certified Mail and UPS) is attached to the cover letter included hereto as **Attachment 1**.

---

[2] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces. The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

8.      The materials sent to the Attorneys General included a cover letter, which provided notice of the proposed settlement of the above-captioned case.  The cover letter is included hereto as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

a.      Class Action Complaint and Consolidated Class Action Amended Complaint.[3]

b.      Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support with Exhibits.

c.      Declarations of Gary M. Klinger, Jean S. Martin, Scott Cole, Gerald W. Thompson, and Cameron R. Azari  in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support.

d.      Settlement Agreement and Release (which exhibits, including forms of notice).

    i.      Exhibit A – Claim Form

    ii.      Exhibit B – Long Notice

    iii.      Exhibit C – Short Notice

    iv.      Exhibit D – [Proposed] Preliminary Approval Order

    v.      Exhibit E – [Proposed] Final Approval Order and Judgment.

---

[3] The CAFA Notices also included the Complaints against TTEC in *Barocas v. TTEC Services Corp.*, 2:22-cv-00217-ROS (D. Ariz.), and against TTEC and Health Net, LLC in *Lett v. TTEC Services Corp.*, 3:22-cv-00018-SK (N.D. Cal.). These cases are stayed pending approval of the settlement agreement.

        e.     Geographic Distribution of Class Members and Estimated Proportionate Share of Claims by State.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on September 22, 2022

Stephanie J. Fiereck, Esq.

# **<u>Attachment 1</u>**

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---------|----------|----------|----------|------|-------|-----|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

CAFA Notice Service List

USPS Certified Mail

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W. 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Holly T. Shikada | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Ave Rm 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | Department of Justice | PO Box 220 | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders St Fl 3 | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H. Wrigley | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J. Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | John O'Connor | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Mark Vargo | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D. Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S. Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Susanne R. Young | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | Executive Office Building 3rd Floor | PO Box 7 | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Leevin T. Camacho | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N. George | 3438 Kronprindsens Gade Ste 2 | GERS Fl | St Thomas | VI | 00802 |

# **<u>Attachment 2</u>**

# Morgan Lewis

**Gregory T. Parks**
Partner
+1.215.963.5710
gregory.parks@morganlewis.com

September 22, 2022

**VIA UPS  AND USPS CERTIFIED MAIL**

The United States Attorney General and
All State and Territorial Attorneys General on the
Attached Service Lists

Re:     Notice of Class Action Settlement Under 28 U.S.C. § 1715
        *Beasley v. TTEC Services Corporation*
        Case No. 1:22-cv-00097-PAB-NYW (the "Action"), in the United States District Court
        for the District of Colorado (the "Court").

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, this letter is notice to you of a proposed settlement of the above-referenced consolidated class action on behalf of named Defendants TTEC Services Corporation and Health Net, LLC ("Defendants").[1]

The CD enclosed with this notice includes copies of the following materials as PDF files in accordance with the obligations under CAFA:

1.      Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:

- Consolidated Class Action Complaint in *Beasley v. TTEC Services Corp.*, 1:22-cv-00097-PAB-NYW (D. Colo.), filed April 18, 2022.

- Class Action Complaint in *Beasley v. TTEC Services Corp.*, 1:22-cv-00097-PAB-NYW (D. Colo.), filed January 13, 2022.

- Class Action Complaint in *Barocas v. TTEC Services Corp.*, 2:22-cv-00217-ROS (D. Ariz.), filed February 9, 2022.

- Class Action Complaint in *Lett v. TTEC Services Corp.*, 3:22-cv-00018-SK (N.D. Cal.), filed January 4, 2022.

---

[1]  The settlement also resolves the claims pending in *Barocas v. TTEC Services Corp.*, 2:22-cv-00217-ROS (D. Ariz.); *Lett v. TTEC Services Corp.*, 3:22-cv-00018-SK (N.D. Cal.). These cases are stayed pending approval of the settlement agreement.

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921
United States

☎ +1.215.963.5000
🅕 +1.215.963.5001

The United States Attorney General and
All US State and Territorial Attorneys General
September 22, 2022
Page 2

2.      Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:  The Court has not scheduled a preliminary approval hearing or a final approval hearing or any other judicial hearing concerning the settlement agreement at this time.  Once the hearing dates are set, the dates may change without further notice.  Please check the Court's Public Access to Court Electronic Records (PACER) website at https://pacer.uscourts.gov to confirm that the hearing dates have not changed.

3.      Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:  The proposed settlement claim form, long notice, and short notice are attached as Exhibits A, B, and C to the included Class Settlement Agreement and Release.

4.      Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:  The following documents are included:

- Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support in *Beasley v. TTEC Services Corp.*, 1:22-cv-00097-PAB-NYW (D. Colo.), filed September 15, 2022, with Exhibits.

- Class Settlement Agreement and Release in *Beasley v. TTEC Services Corp.*, 1:22-cv-00097-PAB-NYW (D. Colo.), filed September 15, 2022, attached as Exhibit 2 to the Motion for Preliminary Approval, including Exhibits A (Claim Form), B (Long Notice), C (Short Notice), D (Proposed Preliminary Approval Order), and E (Proposed Final Approval Order).

5.      Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:  There is no other Settlement or Agreement.

6.      Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:  To date, the Court has not issued a final order, judgment or dismissal in the above-referenced action.

7.      Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members: A list of the names of potential class members along with each of their states of residence is included. There are a few class members for whom Defendants cannot confirm with certainty their states of residence based on the information in Defendants' possession, custody, or control.  However, Defendants believe that this is the case for a very small number of class members. Accordingly, Defendants are providing this notice to all state officials.

8.      28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:  To date, the Court has not ruled on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement or issued any other opinions related to the settlement.

If you are unable to access or prefer to receive paper copies of any of the documents on the enclosed CD, please contact the undersigned. Any information regarding preliminary approval and a final hearing will be available on the public docket and the Settlement Administrator's website.

We submit this notice on behalf of the Defendants.  This notice and the accompanying materials are intended to satisfy any and all notification obligations that Defendants have pursuant to CAFA with respect to the Action.

The foregoing information is provided based on information currently available to Defendants and their counsel, and the status of the proceedings as of September 22, 2022.

Sincerely,

Gregory T. Parks

Enclosures

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

**CAFA Notice Service List**

**USPS Certified Mail**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W. 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Holly T. Shikada | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Ave Rm 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | Department of Justice | PO Box 220 | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders St Fl 3 | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H. Wrigley | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J. Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | John O'Connor | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Mark Vargo | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D. Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S. Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Susanne R. Young | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | Executive Office Building 3rd Floor | PO Box 7 | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Leevin T. Camacho | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N. George | 3438 Kronprindsens Gade Ste 2 | GERS Fl | St Thomas | VI | 00802 |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on September 22, 2022 via the Court's ECF system upon all counsel of record.


*/s/ Michael P. Murray*
Michael P. Murray

# Attachment 2

TTEC Claims Administrator
P.O. Box 2889
Portland, OR 97208-2889

Unique ID: ▮▮▮▮▮▮▮▮▮
PIN: ▮▮▮▮

**If you were notified of a Data Security
Incident involving TTEC Services
Corporation, you may be entitled to
benefits from a settlement.**



A proposed settlement has been reached in class action lawsuits against TTEC Services Corporation ("TTEC") and Health Net, LLC (together, "Defendants") related to a Data Security Incident that occurred between March and September 2021, and about which Defendants notified potentially impacted individuals in December 2021. The lawsuits claim Defendants are legally responsible for the Data Security Incident, where names, dates of birth, healthcare ID numbers, medical histories, and Social Security numbers of employees and/or clients may have been obtained by unauthorized individuals. The lawsuits assert various legal claims, including negligence, breach of implied contract, invasion of privacy, breach of confidence, unjust enrichment, and violations of state privacy statutes including the California Consumer Privacy Act. Defendants deny these claims and deny they did anything wrong.

**You are receiving this Class Notice because you may be a Settlement Class Member**. The Settlement Class is defined by the Court as all individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed, or controlled by TTEC; and (2) who were affected by the TTEC Data Security Incident that occurred in approximately March to September of 2021.

Under the terms of the settlement, you can recover the following benefits: (1) a basic Award of $100.00; (2) a California Settlement Subclass Award of $100.00 for California residents; (3) 36 months of free identity theft protection, called "Financial Shield," by Aura; and (4) if you experienced unreimbursed, unauthorized, or fraudulent charges or Out of Pocket Expenses that you believe in good faith were fairly traceable to the Data Security Incident, you may also file a claim for a Reimbursement Award of up to $5,000.00.

The easiest way to submit a claim is online at **TTECSettlement.com** using your Unique ID found on the front of this postcard. To be eligible, you must complete and submit a valid Claim Form, postmarked or submitted online on or before **Wednesday, September 6, 2023**. You can also exclude yourself or object to the settlement on or before **Monday, July 24, 2023**. If you do not exclude yourself from the settlement, you will remain in the Settlement Class and will give up the right to sue the Defendants over the claims resolved in the settlement. **A summary of your rights under the settlement and instructions on how to submit a claim, exclude yourself, or object are available at TTECSettlement.com.**

The Court will hold a Final Approval Hearing on **August 18, 2023**, at **9:00 a.m.** At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also listen to people who have asked to speak at the hearing. You may attend the hearing at your own expense, or you may also pay your own lawyer to attend, but it is not necessary. The Court could reschedule the hearing to a different date or time without notice, so it is a good idea to regularly check **TTECSettlement.com**.

This notice is a summary. The Settlement Agreement and more information about the lawsuits and settlement are available at **TTECSettlement.com** or by calling toll-free **1-800-391-1531**.

AI7362 v.06

Attachment 3

## NOTICE OF CLASS ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO

*Beasley v. TTEC Services Corp., Case No. 22-cv-00097-PAB-STV; and*
*Anderson v. TTEC Services Corp., Case No. 22-cv-00347-PAB-STV*

**To:** **All individuals identified by TTEC Services Corporation ("TTEC") and to whom TTEC and Health Net, LLC ("Health Net") sent notice on or about December 8, 2021, that their information may have been impacted in the Data Security Incident, defined below.**

A proposed settlement has been reached in class action lawsuits titled, *Beasley v. TTEC Services Corp.*, No. 22-cv-00097 (D. Colo.); *Anderson v. TTEC Services Corp.*, No. 22-cv-00347-PAB-STV (D. Colo.); *Lett v. TTEC Services Corp. et al.*, No. 3:22-cv-00018-SK (N.D. Cal.); and *Barocas v. TTEC Services Corp.*, No. 2:22-cv-00217-JFM (D. Ariz.) (the "Lawsuits"). The Lawsuits assert claims against Defendants TTEC and Health Net (together, "Defendants") related to a security incident that occurred between March and September 2021 and about which Defendants notified potentially impacted individuals in December 2021 (the "Data Security Incident"). Defendants deny all of the claims and deny that they did anything wrong.

The settlement offers payments and identity theft protection to all individuals in the United States (1) whose protected health information or personal identifying information was stored, possessed, or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred from approximately March to September of 2021 ("Settlement Class Members"). Certain of the amounts paid will depend upon how many people submit valid claims but initially are set at the following amounts:

(1)    A Basic Award of **$100.00**; (2) a California Subclass Award of **$100.00** for California residents; (3) **36 months** of free identity theft protection, called "Financial Shield" by Aura (a.k.a. Pango); and (4) if you experienced unreimbursed unauthorized or fraudulent charges or out of pocket expenses which you believe in good faith were fairly traceable to the Data Security Incident, you may **also** file a claim for a Reimbursement Award of up to **$5,000.00**, as explained below.

If you are a Settlement Class Member, your options are:

| YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | You must submit a valid Claim Form to receive a payment from this Settlement. | **September 6, 2023** |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendants over the claims resolved in the settlement. | |
| **EXCLUDE YOURSELF** | You may exclude yourself from this settlement and keep your right to sue separately. If you exclude yourself, you receive no payment. Exclusion instructions are provided in this Notice. | **July 24, 2023** |
| **OBJECT** | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the settlement by following the instructions in this Notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the settlement. | **July 24, 2023** |

The Court must give final approval to the settlement before it takes effect but has not yet done so. No payments will be made until after the Court gives final approval and any appeals are resolved.

**Please review this Notice carefully.** You can learn more about the settlement by visiting **TTECSettlement.com**, or by calling 1-800-391-1531.

**Questions? Go to TTECSettlement.com or call 1-800-391-1531**

AI7351 v.08                                    1

## Further Information about this Notice and the Lawsuits

**1.    Why was this Notice issued?**

Settlement Class Members are eligible to receive payment from a proposed settlement of four Lawsuits. The court overseeing two of the Lawsuits pending in the District of Colorado authorized this Notice to advise Settlement Class Members about the proposed settlement that will affect their legal rights. This Notice explains certain legal rights and options Settlement Class Members have in connection with the settlement.

**2.    What are the Lawsuits about?**

The Lawsuits are proposed class action lawsuits brought on behalf of certain current and former TTEC employees and/or clients whose information may have been obtained by unauthorized individuals as part of the Data Security Incident. The affected information may include names, dates of birth, healthcare ID numbers, medical histories, and Social Security numbers.

The Lawsuits claim Defendants are legally responsible for the Data Security Incident and assert various legal claims, including negligence, breach of implied contract, invasion of privacy, breach of confidence, unjust enrichment, and violations of state privacy statutes including the California Consumer Privacy Act. Defendants deny these claims and deny that they did anything wrong.

**3.    Why are the Lawsuits class actions?**

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of others who have similar claims. Together, all of these people are the "class" and each individually is a "class member." There are seven Representative Plaintiffs in this case: Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Lett. The class in these cases is referred to in this Notice as the "Settlement Class."

**4.    Why is there a settlement?**

The Representative Plaintiffs in the Lawsuits, through their attorneys, investigated the facts and law relating to the issues in the Lawsuits. The Representative Plaintiffs and Class Counsel believe that the settlement is fair, reasonable, and adequate and will provide substantial benefits to the Settlement Class. The Court has not decided whether the Representative Plaintiffs' claims or Defendants' defenses have any merit, and it will not do so if the proposed settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will receive compensation. The settlement does not mean that Defendants did anything wrong or that the Representative Plaintiffs and the Class would or would not win their case if it were to go to trial.

## Terms of the Proposed Settlement

**5.    Who is in the Settlement Class?**

The Settlement Class is defined by the Court as all individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff, and persons who timely and validly request exclusion from the Settlement Class.

**6.    What are the terms of the settlement?**

The proposed settlement would create a Settlement Fund of $2,500,000.00 that would be used to pay all costs of the settlement, including: (i) payments to Settlement Class Members who submit valid claims; (ii) costs of administration and notice (approximately $170,000.00); (iii) any attorneys' fees and costs awarded by the Court to Class Counsel (up to $750,000.00 plus litigation costs and expenses of up to $20,000.00); (iv) the cost of providing members of the Settlement Class 36 months of identity theft protection services; and (v) any service awards to the Representative

**Questions? Go to TTECSettlement.com or call 1-800-391-1531**

Plaintiffs awarded by the Court (up to $17,500.00 total). The settlement also releases all claims or potential claims of Settlement Class Members against Defendants arising from or related to the Data Security Incident, as detailed in the Class Settlement Agreement and Release.

## 7.   What claims are Settlement Class Members giving up under the settlement?

Settlement Class Members who do not validly exclude themselves from the settlement will be bound by the Class Settlement Agreement and Release and any final judgment entered by the Court and will give up their right to sue Defendants for the claims being resolved by the settlement including all claims or potential claims of Settlement Class Members against Defendants arising from or related to the Data Security Incident. The claims that Settlement Class Members are releasing are described in Section 1.32 of the Class Settlement Agreement and Release and the persons and entities being released from those claims are described in Section 1.33 of the Class Settlement Agreement and Release. Section 8 of the Class Settlement Agreement and Release explains when such releases will occur.

## Payments to Settlement Class Members

## 8.   What kind of payments can Settlement Class Members receive?

Settlement Class Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the Settlement Fund: (1) a Basic Award of **$100.00**; (2) a California Subclass Award of **$100.00**; (3) 36 months of Identity Theft Protection Services; and (4) a Reimbursement Award. Settlement Class Members who were residents of California at any time from March 31, 2021, to September 12, 2021 ("California Settlement Subclass Members") who submit valid claims will receive the $100.00 California Subclass Award in addition to the $100.00 Basic Award, Reimbursement Award, and Identity Theft Protection Services. Depending on how many valid claims are submitted, the amounts of the Basic Award and California Subclass Award will be adjusted upward or downward proportionally among Settlement Class Members submitting valid claims for those awards as explained further in Question 11.

## 9.   What are the Basic Award and the California Subclass Award?

Every Settlement Class Member is eligible to receive a **$100.00** Basic Award, and every California Settlement Subclass Member is eligible to receive an additional **$100.00** California Subclass Award regardless of whether he or she experienced any unauthorized charges or identifiable losses related to the Data Security Incident. Settlement Class Members seeking a Basic Award and/or a California Subclass Award must provide the information required on the Claim Form. The $100.00 Basic Award and the $100.00 California Subclass Award are subject to upward or downward adjustment as described below in Question 11.

Eligibility for any award, including the Basic Award and California Subclass Award, is within the discretion of the Claims Administrator as outlined in Question 16.

## 10.   What is a Reimbursement Award?

Settlement Class Members who, at any time from March 31, 2021, to September 6, 2023, experienced unauthorized or fraudulent charges or out-of-pocket losses that are fairly traceable to the Data Security Incident are eligible to receive a Reimbursement Award of up to $5,000.00 as reimbursement for those charges and expenses. The following types of out-of-pocket expenses may be claimed:

- • Payment card fees or bank fees, including card reissuance fees, overdraft fees, charges related to unavailability of funds, late fees, over-limit fees and fees relating to an account being frozen or otherwise unavailable due to the Data Security Incident;

- • Cell, internet or text charges;

- • Costs or charges for obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage); and

- • Postage costs.

You cannot recover for emotional distress. Claimants must exhaust all available credit monitoring insurance and identity theft insurance before seeking a Reimbursement Award. Settlement Class Members seeking a Reimbursement Award must provide the information and documents required on the Claim Form.

**Questions? Go to TTECSettlement.com or call 1-800-391-1531**

## 11.   When and how will the amount of settlement payments be adjusted?

The amounts paid for all Basic Awards and California Subclass Awards will be adjusted upward or downward from the amounts listed in Question 9 depending on how many Settlement Class Members submit valid claims.

If the total dollar value of all valid claims is less than the amount of money available in the Settlement Fund for payment of those claims, the amounts for Basic Awards and California Subclass Awards will be adjusted upward proportionally among all valid claims for those awards, until the amounts remaining in the Settlement Fund are exhausted (or as nearly as possible).

If the total dollar value of all valid claims is more than the amount of money available in the Settlement Fund for payment of those claims, the amount of the payments for Basic Awards and California Subclass Awards will be adjusted downward proportionally among all Settlement Class Members who submitted valid claims for Basic Awards and California Subclass Awards.

## 12.   What happens after all claims are processed and there are funds remaining?

If there are any funds remaining after all valid claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization. No remaining funds will be returned to Defendants.

## <u>Your Options as a Settlement Class Member</u>

## 13.   If I am a Settlement Class Member, what options do I have?

If you are a Settlement Class Member, you do not have to do anything to remain in the settlement. However, if you wish to seek an award under the settlement, you must complete and submit **a Claim Form postmarked or submitted online at TTECSettlement.com by September 6, 2023**. If you do not want to give up your right to sue Defendants about the Data Security Incident or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class. See Question 17 below for instructions on how to exclude yourself.

If you wish to object to the settlement, you must remain a Settlement Class Member (i.e., you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 20 below for instructions on how to submit an objection.

## 14.   What happens if I do nothing?

If you do nothing, you will get no award from this settlement. Unless you exclude yourself, after the settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants related to the claims released by the settlement.

## 15.   How do I submit a claim?

You may complete the Claim Form online at **TTECSettlement.com**. You may also obtain a paper Claim Form by downloading it at **TTECSettlement.com** or by calling the claims administrator at **1-800-391-1531**. If you choose to complete a paper Claim Form, you must submit the completed signed Claim Form, and any supporting materials, by mail to the following address:

Beasley v. TTEC
Claims Administrator
P.O. Box 2889
Portland, OR 97208-2889

**Questions? Go to TTECSettlement.com or call 1-800-391-1531**

AI7354 v.08

4

## 16.   Who decides my settlement claim and how do they do it?

The Claims Administrator will decide whether a Claim Form is complete and valid and includes all required documentation. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

## 17.   How do I exclude myself from the settlement?

To opt out of the settlement, you must make a signed, written request that (i) says you wish to exclude yourself from the Settlement Class in these Lawsuits and (ii) includes your name, address and phone number. You must submit your request through the settlement website, TTECSettlement.com, or mail your request to this address:

Beasley v. TTEC
Claims Administrator
P.O. Box 2889
Portland, OR 97208-2889

Your request must be submitted online or postmarked by **July 24, 2023**.

## 18.   If I exclude myself, can I receive any payment from this settlement?

No. If you exclude yourself, you will not be entitled to any award. However, you will also not be bound by any judgment in these Lawsuits.

## 19.   If I do not exclude myself, can I sue Defendants for the Data Security Incident later?

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting payment.

## 20.   How do I object to the settlement?

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the Lawsuits will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing and it and any supporting papers must be mailed to the Clerk of the Court, Settlement Class Counsel, and Defendants' Counsel, at the mailing addresses listed below. Your objection must be filed or postmarked no later than the objection deadline, **July 24, 2023**:

| Court | Defendants' Counsel |
|---|---|
| Office of the Clerk<br>U.S. District Court for the District of Colorado<br>901 19th Street, Room A105<br>Denver, CO 80294-3589 | Gregory T. Parks Kristin M. Hadgis<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 |
| **Settlement Class Counsel** | |
| Jean S. Martin MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Gary Klinger<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe St., Suite 2100<br>Chicago, IL 20016 |
| Scott Edward Cole COLE & VAN NOTE<br>555 12th Street, Suite 1725<br>Oakland, CA 94607 | |

**Questions? Go to TTECSettlement.com or call 1-800-391-1531**

AI7355 v.08

To be considered by the Court, your objection must list the name of one or both of the Lawsuits pending in the District of Colorado: *Beasley v. TTEC Services Corp.*, No. 22-cv-00097 (D. Colo.); and *Anderson v. TTEC Services Corp.*, No. 22-cv-00347-PAB-STV (D. Colo.), and include all of the following information: (i) your full name, address, telephone number, and e-mail address (if any); (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (such as the notice you received from TTEC or Health Net or the notice of this settlement); (iii) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support you believe applicable for each objection; (v) the identity of any counsel representing you; (vi) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of your objections and any documents to be presented or considered; and (viii) your signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

## Court Approval of the Settlement

### 21.   How, when and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. That hearing is scheduled for **August 18, 2023 at 9:00 AM** at the Alfred A. Arraj UnitedStates Courthouse, 901 19th Street, Courtroom A701, Denver, CO 80294. Please visit the Court's website at http://www.cod.uscourts.gov/Home.aspx for current information regarding courthouse access and court hearings. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs, and the request for service awards for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check TTECSettlement.com or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at http://www.cod.uscourts.gov/CourtOperations/PACER.aspx to confirm the schedule if you wish to attend.

### 22.   Do I have to attend the hearing?

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 20. You or your own lawyer are welcome to attend the hearing at your expense but are not required to do so.

### 23.   What happens if the Court approves the settlement?

If the Court approves the settlement and no appeal is taken, the Settlement Fund will be fully funded. The Claims Administrator will pay any Attorneys' Fees and Expenses Award and any Representative Plaintiffs' Service Awards from the Settlement Fund. Then, within the later of 30 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send settlement payments to Settlement Class Members who submitted timely and valid Settlement Claims.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

### 24.   What happens if the Court does not approve the settlement?

If the Court does not approve the settlement, no Settlement Fund will be created, there will be no settlement payments to Settlement Class Members, Settlement Class Counsel or the Representative Plaintiffs, and the case will proceed as if no settlement had been attempted.

**Questions? Go to TTECSettlement.com or call 1-800-391-1531**

## Lawyers for the Settlement Class and Defendants

**25.   Who represents the Settlement Class?**

The Court has appointed the following Class Counsel to represent the Settlement Class in this Lawsuit:

| | |
|---|---|
| Jean S. Martin MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602<br>(813) 559-4908 | Gary Klinger<br>MILBERG COLEMAN BRYSON PHILLIPS<br>GROSSMAN, PLLC<br>227 W. Monroe St., Suite 2100<br>Chicago, IL 20016<br>866-247-0047 |
| Scott Edward Cole COLE & VAN NOTE<br>555 12th Street, Suite 1725<br>Oakland, CA 94607 | |

Settlement Class Members will not be charged for the services of Settlement Class Counsel; Settlement Class Counsel will be paid out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

**26.   How will the lawyers for the Settlement Class be paid?**

Settlement Class Counsel will request the Court's approval of an award for attorneys' fees up to one-third (30%) of the Settlement Fund (or up to $750,000.00), plus reasonable costs and expenses (up to $20,000.00), which shall be paid from the Settlement Fund. Settlement Class Counsel will also request approval of Service Awards of $2,500.00 to each of the Representative Plaintiffs (a total of $17,500.00), which shall also be paid from the Settlement Fund.

**27.   Who represents the Defendants in the Lawsuit?**

Defendants are represented by the following lawyers:

| |
|---|
| Gregory T. Parks<br>Kristin M. Hadgis<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market St.<br>Philadelphia, PA 19103-2921 |

## For Further Information

**28.   What if I want further information or have questions?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Class Settlement Agreement and Release available at **TTECSettlement.com**, by contacting Settlement Class Counsel at the phone numbers provided in response to Question 25 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at http://www.cod.uscourts.gov/CourtOperations/PACER.aspx, or by visiting the Office of the Clerk, U.S. District Court for the District of Colorado, 901 19th Street, Room A105, Denver, CO 80294-3589 between 8:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

Epiq will act as the Claims Administrator for the settlement. You can contact the Claims Administrator at:

Beasley v. TTEC
Claims Administrator
P.O. Box 2889
Portland, OR 97208-2889

**Please do not contact the Court.**

**Questions? Go to TTECSettlement.com or call 1-800-391-1531**

# Attachment 4

Beasley v TTEC Claims Administrator
P.O. Box 2889
Portland, OR 97208-2889

## BEASLEY V TTEC SETTLEMENT CLAIM FORM

This Claim Form should be filled out online or submitted by mail if you received a notice from TTEC Services Corporation ("TTEC") or HealthNet, LLC in or about December 2021 regarding a data security incident that occurred at TTEC between March and September 2021 (the "Data Security Incident"), or if you otherwise believe you were affected by the Data Security incident.

You may receive a payment if you properly and timely complete this Claim Form, the settlement is approved, and you are found to be eligible for a payment.

The Notice describes your legal rights and options. You can obtain the Notice and further information about the Litigation, the Class Settlement Agreement and Release, and your legal rights and options on the official settlement website, www.TTECSettlement.com, or by calling 1-800-391-1531.

Your claim must be submitted online or postmarked by **September 6, 2023**, to be considered for payment. You can submit your claim for a Settlement Award in two ways:

1. Online at www.TTECSettlement.com by following instructions on the "Submit a Claim" page; or

2. By mail to the Claims Administrator at this address:

Beasley v. TTEC Claims Administrator
P.O. Box 2889
Portland, OR 97208-2889

Only one Settlement Claim may be submitted per Settlement Class Member.

## 1.  CLASS MEMBER INFORMATION (REQUIRED)

First Name:                                          MI:      Last Name:

Address:

City:                                                                    State:      ZIP Code:

Current Phone Number:

Email (required):

Unique ID Number Provided on Mailed Notice (if known):

## 2.  PAYMENT ELIGIBILITY INFORMATION AND IDENTITY THEFT PROTECTION (REQUIRED)

For more information about this Section of the Claim Form and the types of awards available and rules for receiving an award, please review the Notice and Sections 2.1 through 2.4 of the Class Settlement Agreement and Release (available at www.TTECSettlement.com). You may select any or all of the awards for which you are eligible.

A.  Settlement Class Members may receive a **$100.00** Basic Award (subject to proration). If you are claiming a Basic Award, please check this box:

☐  **$100.00** Basic Award (complete Sections 5 and 6)

B.  California Settlement Subclass members may **also** receive a **$100.00** California Subclass Award (subject to proration). If you are a Settlement Class Member, you resided in California at any time between March 31, 2021, and September 12, 2021, and you are claiming this award, check this box:

☐  **$100.00** California Subclass Award (complete Sections 5 and 6)

C.  Settlement Class Members may receive 36 months of free identity theft protection, called "Financial Shield" by Aura (a.k.a. Pango). If you opted to receive the one year of credit monitoring initially offered by Defendants, "Financial Shield" shall be in addition to that year. If you are claiming the identity theft protection, check this box, and confirm your email address in Section 1 is correct:

☐  Identity Theft Protection (complete Section 6)

D.  Additionally, all Settlement Class Members who incurred Out-of-Pocket Expenses fairly traceable to the Data Security Incident may claim a Reimbursement Award of up to $5,000.00. If you are claiming a Reimbursement Award, check this box:

☐  Reimbursement Award (complete Sections 3, 4, 5, and 6)

## 3.  ADDITIONAL INFORMATION REQUIRED ONLY FROM SETTLEMENT CLASS MEMBERS SEEKING A REIMBURSEMENT AWARD FOR ONE OR MORE UNAUTHORIZED OR FRAUDULENT CHARGES FROM MARCH 31, 2021, THROUGH SEPTEMBER 6, 2023

You must complete this Section 3 if you are seeking a Reimbursement Award for one or more unauthorized or fraudulent charges from March 31, 2021, through September 6, 2023. Please provide as much information as possible.

☐  *Required:* I attest under penalty of perjury that I experienced one or more unauthorized or fraudulent charges from March 31, 2021, through September 6, 2023.

☐  *Required:* Such charges have not been reimbursed.

☐  *Required:* I believe in good faith such charges were more likely than not the result of the Data Security Incident that affected the TTEC computer network described in the Notice.

| Reimbursement Award For: | Total Amount and Date of Unreimbursed Fraudulent Charges | Required Documentation |
|---|---|---|
| Unauthorized or fraudulent charges from March 31, 2021, through September 6, 2023. | $ _____ • __ <br><br> __ – __ – ____ <br> MM    DD    YYYY | *Attach a copy of statements that show the fraudulent charges and any correspondence showing that you reported them as unauthorized. (You may redact all unrelated transactions). If you do not have any written correspondence reporting the charges, describe below when and how you reported them and to whom you reported them (attach pages as necessary).* |

_____

_____

_____

☐ **_Required:_** I have made good-faith efforts to have these unauthorized charges reversed or repaid, including through my bank or credit card company, and have exhausted all available credit monitoring, identity theft insurance, or other applicable insurance policies, but have not been successful at having the charges reversed, have not received payment, and have no insurance coverage for these unauthorized charges.

_If you are seeking reimbursement for Out-of-Pocket Expenses as part of your claim for a Reimbursement Award, complete Section 4. Otherwise, go to Section 6._

**4. ADDITIONAL INFORMATION REQUIRED ONLY FROM SETTLEMENT CLASS MEMBERS SEEKING REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES IN CONNECTION WITH A REIMBURSEMENT AWARD**

☐ I attest under penalty of perjury that I am making a claim for a Reimbursement Award, and that I incurred between March 31, 2021, and September 6, 2023, the following Out-of-Pocket Expenses fairly traceable to the Security Incident that affected the TTEC computer network described in the Notice.

_Check all that apply, stating the total amount you are claiming for each category and attaching documentation of the charges as described below. Round total amounts to the nearest dollar._

| Cost Type (Fill all that apply) | Amount and Date of Loss | Required Documentation |
|---|---|---|
| ☐ Unreimbursed payment card fees or bank fees:<br><br>**_Examples:_** _Unreimbursed card reissuance fees, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, unreimbursed over-limit fees and unreimbursed fees relating to an account being frozen or otherwise unavailable due to the Security Incident._ | $ ☐☐☐☐ . ☐☐<br><br>☐☐ – ☐☐ – ☐☐☐☐<br>MM     DD       YYYY | _A copy of a bank or credit card statement or other proof of claimed fees or charges (please redact unrelated transactions)._ |
| ☐ Cell, internet, or text charges:<br><br>**_Examples:_** _Long-distance or cell phone charges (if charged by the minute), or data charges (if charged based on the amount of data used)._ | $ ☐☐☐☐ . ☐☐<br><br>☐☐ – ☐☐ – ☐☐☐☐<br>MM     DD       YYYY | _A copy of the bill from your telephone company, cell phone company, or internet service provider showing the claimed charges._ |
| ☐ Unreimbursed costs or charges for obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage):<br><br>**_Examples:_** _The cost of purchasing a credit report or placing a credit freeze._ | $ ☐☐☐☐ . ☐☐<br><br>☐☐ – ☐☐ – ☐☐☐☐<br>MM     DD       YYYY | _A copy of a receipt of other proof of purchase for each credit report, credit freeze, or credit monitoring or identity theft protection services (up to two years of coverage) purchased or placed._ |
| ☐ Postage costs:<br><br>**_Examples:_** _Postage for correspondence with your bank or credit card company about unauthorized charges. The cost of submitting this form is not included._ | $ ☐☐☐☐ . ☐☐<br><br>☐☐ – ☐☐ – ☐☐☐☐<br>MM     DD       YYYY | _A copy of any receipt or proof of purchase for all postage costs claimed showing date, amount, and vendor._ |

## 5.  PAYMENT METHOD

**Please select the manner in which payment will be issued for your valid Claims.**

Please select **one** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐ **PayPal -** Enter your PayPal email address:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

☐ **Venmo -** Enter the mobile number associated with your Venmo account:  ⬚⬚⬚ – ⬚⬚⬚ – ⬚⬚⬚⬚

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number:  ⬚⬚⬚ – ⬚⬚⬚ – ⬚⬚⬚⬚

**OR**

Email Address:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

☐ **Virtual Prepaid Card -** Enter your email address:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

☐ **Physical Check -** Payment will be mailed to the address provided above.

\* If you select Electronic Payment, and your claim is approved, you will be sent an email to the email address entered on this form with your electronic payment options at the time payments are sent.

## 6.  CERTIFICATION

☐ *Required:* The information I have supplied in this Claim Form is true and correct to the best of my recollection and this form was executed on the date set forth below.

☐ *Required:* I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

| | |
|---|---|
| _____ | Date: ⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚ |
| Signature | MM    DD    YYYY |

_____
Print Name

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by **September 6, 2023**.

Beasley v. TTEC Claims Administrator
P.O. Box 2889
Portland, OR 97208-2889

04-CA40060496
AI7404 v.06

Attachment 5



Exclusion Report - Beasley v. TTEC
Services Corporation

| Number | Class Member Name |
|--------|-------------------|
| 1 | Gloria M Vinluan |
| 2 | Aurora Velasquez |
| 3 | Raquel Rowe |
| 4 | Jason Fruth |
| 5 | William Richards |
| 6 | Kevin Burns |
| 7 | William Kreitzer |
| 8 | Kay Criswell |
| 9 | Haleigh Akers |
| 10 | Lessie Chester |
| 11 | Amy Kluger |
| 12 | Sherry Wong |
| 13 | Damian Beltritti |
| 14 | Larita Ellis |
| 15 | Gary Leasure |