IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00097-PAB-NYW
(Consolidated with Civil Action No. 22-cv-00347-NRN)

---

Civil Action No. 22-cv-00097-PAB-NYW

YOLANDA BEASLEY,
KIMBERLY SHEARS-BARNES,
SHENEEQUA CARRINGTON, and
JOLYNN FROST, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

TTEC SERVICES CORPORATION,

    Defendant.

---

Civil Action No. 22-cv-00347-PAB-NYW

DAVID ANDERSON, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

TTEC SERVICES CORPORATION,

    Defendant.

---

### [PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiffs Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Lett (hereinafter "Representative Plaintiffs") and Defendants TTEC Services Corporation ("TTEC") and Health Net, LLC ("Health Net") (collectively "Defendants"), as fair,

reasonable and adequate, awarding attorneys' fees and costs to Class Counsel as outlined herein, and awarding service awards to Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement and the motions for final approval of the settlement, an award of attorneys' fees and costs, and service awards to the Plaintiffs, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** on May 9, 2023, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the classes and class claims, appointing Plaintiffs as Representative Plaintiffs, and appointing Jean S. Martin of MORGAN & MORGAN; Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; and Scott Edward Cole of COLE & VAN NOTE Settlement Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS,** on June 8, 2023, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS,** on August 18, 2023, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable,

and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Settlement Class Counsel, and the payment of Service Awards to the Representative Plaintiffs;

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having noted no objection to the settlement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Complaint and Jury Demand against Defendants for failure to implement or maintain adequate data security measures for the sensitive information of current and former employment applicants, employees, and insurance policy members, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021.

> Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff, and persons who timely and validly request exclusion from the Settlement Class.

The Settlement also provides for a California Subclass defined as:

> All natural persons residing in the State of California at the time of the Data Security Incident (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC Data Security Incident that occurred in approximately March to September of 2021.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

   A. Defendants to institute a Settlement Claims Administration as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.

   B. Defendants to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

   C. Defendants to pay, subject to the approval and award of the Court, the reasonable attorneys' fees of Class Counsel and service awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the

      Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, Final Approval Hearing, the application for attorneys' fees and costs and expenses, and the proposed service award payments to the Representative Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, 15 potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14. Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Any and all claims, causes of action of every kind and description, liabilities, rights, demands, suits, matters, obligations, and damages (including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs), whether known or unknown (including Unknown Claims) and whether in law or in equity, that the Settlement Class Members (and the respective heirs, administrators, representatives, attorneys, agents, officers, directors, employees, parents, subsidiaries, administrators, partners, predecessors, successors, assigns, subrogees, insurers, co-insurers, reinsurers and insurance brokers of each of Plaintiffs, Settlement Class Counsel and the Settlement Class Members and all other legal or natural persons who may claim by, through or under them who have not excluded themselves from the Settlement Class) had, have, or may have against TTEC, Health Net, or the Released Parties that result from, arise

out of, are based upon, or relate to the Data Security Incident. For the avoidance of doubt, Released Claims include, without limitation, all claims asserted or that could have been asserted in the Litigation or any other suit or pleading in any other court or forum arising out of, based upon, or related in any way to the Data Security Incident, including without limitations, any claims (including common law and statutory claims), actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the alleged theft, exposure, or disclosure of Settlement Class Members' Personal Information; (2) the maintenance and storage of Settlement Class Members' Personal Information; (3) TTEC's information security policies and practices; and/or (4) TTEC's notice or alleged lack of timely notice of the Data Security Incident to Settlement Class Members.

Released Claims does not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

17. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Representative Plaintiffs in the total amount of $2,500 each as a service award for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

18. The Court has appointed Jean S. Martin of MORGAN & MORGAN; Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; and Scott Edward Cole of COLE & VAN NOTE as Settlement Class Counsel.

19. The Court, after careful review of the time entries and rates requested by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for attorneys' fees of $750,000, and costs and expenses in the amount of $14,080.53. Payment shall be made pursuant to the terms of the Settlement Agreement.

20. This Order resolves all claims against all parties in this action and is a final order.

21. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement, without affecting the finality of this Final Approval Order and Judgment.


Dated: _____    _____
                                **HONORABLE PHILIP A. BRIMMER**
                                **UNITED STATES DISTRICT JUDGE**

Exhibit A

Exclusion Report - Beasley v. TTEC Services Corporation

| Number | Class Member Name |
|---|---|
| 1 | Gloria M Vinluan |
| 2 | Aurora Velasquez |
| 3 | Raquel Rowe |
| 4 | Jason Fruth |
| 5 | William Richards |
| 6 | Kevin Burns |
| 7 | William Kreitzer |
| 8 | Kay Criswell |
| 9 | Haleigh Akers |
| 10 | Lessie Chester |
| 11 | Amy Kluger |
| 12 | Sherry Wong |
| 13 | Damian Beltritti |
| 14 | Larita Ellis |
| 15 | Gary Leasure |