**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| YOLANDA BEASLEY,<br>KIMBERLY SHEARS-BARNES,<br>SHENEEQUA CARRINGTON,<br>and JOLYNN FROST, individually and on<br>behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>TTEC SERVICES CORPORATION,<br><br>     Defendant. | Civil Action No. 22-cv-00097-PAB-NYW |
| DAVID ANDERSON, individually and on<br>behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>TTEC SERVICES CORPORATION,<br><br>     Defendant. | Civil Action No. 22-cv-00347-PAB-NYW<br>(Consolidated with Civil Action No. 22-cv-00097-PAB-NYW) |

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Class Settlement Agreement") is made and entered into by and among the following Settling Parties (as defined below): (i) Plaintiffs Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Lett ("Representative Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel Jean S. Martin of MORGAN & MORGAN, Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, Scott Edward Cole of COLE & VAN NOTE, M. Anderson Berry of Clayeo C. Arnold, A

- 1 -

PROFESSIONAL LAW CORP., and Rachele R. Byrd of WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP (collectively, "Representative Plaintiffs' Counsel"); and (ii) Defendants TTEC Services Corporation ("TTEC") and Health Net, LLC ("Health Net") (collectively, "Defendants"), by and through their counsel, Gregory T. Parks and Kristin M. Hadgis of MORGAN, LEWIS & BOCKIUS LLP ("Defendants' Counsel"). The Class Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

This Class Settlement Agreement relates to a data security incident that occurred at TTEC between approximately March of 2021 and September of 2021 (the "Data Security Incident").

Plaintiffs, individually and on behalf of putative classes, filed actions against Defendants asserting various claims concerning the Data Security Incident in: (1) the United States District Court for the District of Colorado (the "Court") captioned, *Beasley, et al. v. TTEC Services Corp.*, Case No. 22-cv-00097-PAB-NYW and *Anderson v. TTEC Services Corp.*, Case No. 22-cv-00347-PAB-NYW; (2) the United States District Court for the Northern District of California captioned, *Lett v. TTEC Services Corp., et al.*, Case No. 3:22-cv-00018-SK; and (3) the United States District Court for the District of Arizona captioned, *Barocas v. TTEC Services Corp.*, Case No. 2:22-cv-00217-JFM (collectively, the "Litigation").

On July 27, 2022, the Settling Parties engaged in an all-day, arms-length mediation before Bennett G. Picker of Stradley Ronon Stevens & Young, LLP. In the days and weeks following the mediation, the Settling Parties continued to engage in negotiations, which ultimately resulted in a settlement in principle. The Settling Parties notified the Court and the other courts in which the Litigation is pending of a settlement in principle on August 22 and 23.

Pursuant to the terms agreed to and set out below, this Class Settlement Agreement resolves all actions, proceedings, and claims against TTEC, Health Net, and the Released Parties that are asserted in, arise from, or relate to Plaintiffs' complaints filed in the Litigation, as well as all other actions or claims by and on behalf of individuals or putative classes arising from the Data Security Incident or matters referenced in those complaints.

## I.    CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF THE CLASS SETTLEMENT

Representative Plaintiffs believe the claims asserted in the Litigation, as set forth in the complaints filed in the Litigation, have merit.  Representative Plaintiffs and Representative Plaintiffs' Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against TTEC, Health Net, and the Released Parties through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, particularly in an area that remains in a state of development, and thus a level of uncertainty, as well as the difficulties and delays inherent in such litigation.  Representative Plaintiffs' Counsel are highly experienced in class action litigation, particularly in privacy litigation, and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. In addition, Defendants contend Plaintiffs will face difficulties in certifying a class, proving liability and causation (particularly with respect to TTEC's customers, who merely utilized TTEC's services), and establishing compensable damages on a classwide basis. While Representative Plaintiffs' Counsel believe Representative Plaintiffs would prevail on class certification and liability issues as to both TTEC and its customers, they nevertheless acknowledge the risks involved in litigation and believe settlement is in the best interests of the Settlement Class. They have determined that the settlement

set forth in this Class Settlement Agreement is fair, reasonable, and adequate, and in the best interests of Plaintiffs and the Settlement Class.

## II.    DENIAL OF WRONGDOING AND LIABILITY

Defendants deny each and all of the claims and contentions alleged against them in the Litigation and believe their defenses have merit.  Defendants deny all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation, or that they violated or breached any law, regulation, or duty owed to the proposed Settlement Class.  Defendants further deny that any individual suffered any actual harm caused by the Data Security Incident.  Defendants also believe it would not be possible or feasible to certify a class for trial purposes as opposed to for settlement purposes.  Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.  Defendants also have considered the uncertainty and risks inherent in any litigation.  Defendants have, therefore, determined it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.

## III.    TERMS OF THE SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, and Defendants that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice except as to those Settlement Class Members who timely opt out of the Class Settlement

Agreement, upon and subject to the terms and conditions of this Class Settlement Agreement, as follows:

1. **DEFINITIONS**

As used in this Class Settlement Agreement, the following terms have the meanings specified below:

**1.1** "Administrative Costs" means all costs and expenses associated with providing notice of the Class Settlement Agreement to the Settlement Class, Claims Administration, and otherwise administering and carrying out the terms of this Class Settlement Agreement.

**1.2** "Agreement" or "Class Settlement Agreement" means this Class Settlement Agreement and Release.

**1.3** "Approved Claims" means valid Settlement Claims approved by the Claims Administrator or found to be valid, as set forth below.

**1.4** "Attorneys' Fees and Expenses Award" means such funds as may be awarded by the Court to Settlement Class Counsel to compensate Representative Plaintiffs' Counsel fully and completely for their fees, costs, and expenses in connection with the Litigation.

**1.5** "Award" means the amount remitted by the Claims Administrator out of the Settlement Fund to Settlement Class Members, as provided in Paragraphs 2 and 7 of this Class Settlement Agreement.

**1.6** "California Settlement Subclass" means all natural persons residing in the State of California at the time of the Data Security Incident (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC Data Security Incident that occurred in approximately March to September of 2021. Excluded from the California Settlement Subclass is any judge presiding over the

Litigation and any members of their first-degree relatives, judicial staff, the officers and directors of TTEC, and persons who timely and validly request exclusion from the California Settlement Subclass.  There are approximately 29,000 members of the California Settlement Subclass.

1.7   "Claims Administration" means the processing of Settlement Claims received from Settlement Class Members and the processing of payment of Approved Claims by the Claims Administrator.

1.8   "Claims Administrator" means Epiq Systems, Inc., a company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation, as may be jointly agreed upon by the Settling Parties and approved by the Court.  The Claims Administrator may be replaced upon agreement of the Settling Parties or as directed by the Court.

1.9   "Claims Filing Deadline" means the deadline by which Settlement Class Members must submit any valid Settlement Claims.  The Claims Filing Deadline shall be set by the Court in the Preliminary Approval Order.  The Settling Parties propose a Claims Filing Deadline that is 90 days after the Notice Deadline.

1.10   "Claim Form" means the claim form attached hereto as **Exhibit A**, or a claim form approved by the Court that is substantially similar to **Exhibit A**, that Settlement Class Members must submit to be eligible for relief under the terms of the Class Settlement Agreement.

1.11   "Claims Period" means the time for Settlement Class Members to submit Settlement Claims, running from the date of entry of the Preliminary Approval Order through the Claims Filing Deadline.

1.12   "Class Notice" means the notice of settlement that is contemplated by this Class Settlement Agreement, and which shall include the Long Notice and Summary Notice,

substantially in the forms attached hereto as **Exhibits B** and **C**, respectively, as approved by the Court.

1.13    "Data Security Incident" means the data security incident that occurred in approximately March to September of 2021 and that TTEC discovered and disclosed to potentially impacted individuals in late 2021 and early 2022, as alleged in the various class action complaints filed by Representative Plaintiffs, whereby unauthorized hackers allegedly gained access to and exfiltrated files that contained certain information about current and former TTEC employees and/or clients, including names, dates of birth, healthcare ID numbers, medical histories, and Social Security numbers.

1.14    "Escrow Account" means a non-interest bearing checking account established at a financial institution other than Defendants' into which monies are to be deposited as set forth by this Agreement.

1.15    "Effective Date" means the date by which all of the events and conditions specified in Paragraphs 1.16 and 10 below for the Final Approval Order to become Final have occurred or have been met.  The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the Attorneys' Fees and Expenses Award or the Service Award. Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue(s) on appeal being the Attorneys' Fees and Expenses Award and/or the Service Award.

1.16    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Class Settlement Agreement is approved by the Court; (ii) the Court has entered a Final Approval Order and Judgment (as those terms are defined herein); and (iii) the time to appeal or seek permission to appeal from the Final Approval Order and Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Final Approval Order and Judgment

have been affirmed in their entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or Service Award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

**1.17** "Final Approval Hearing" means the final hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Class Settlement Agreement and the proposed settlement of the Litigation.

**1.18** "Final Approval Order" means the Court's Final Approval Order, which, among other things, approves this Class Settlement Agreement and the settlement as fair, adequate, and reasonable, enters the Judgment, dismisses the Litigation with prejudice, and confirms the final certification of the Settlement Class, substantially in the form attached hereto as **Exhibit E**.

**1.19** "Funding Date" means the date, which is no later than twenty (20) days after the later of the Effective Date or the date which the Claims Administrator provides TTEC the Payment Instructions.

**1.20** "Health Net" means Defendant Health Net, LLC.

**1.21** "Judgment" means a final judgment ordering and affirming the release set forth in Section 8 of this Class Settlement Agreement of the Released Claims against the Released Parties and the dismissal of the Litigation with prejudice.

**1.22** "Litigation" means, collectively: *Beasley, et al. v. TTEC Services Corp.*, Case No. 22-cv-00097-PAB-NYW (D. Colo.); *Anderson v. TTEC Services Corp.*, Case No. 22-cv-00347-PAB-NYW (D. Colo.); *Lett v. TTEC Services Corp., et al.*, Case No. 3:22-cv-00018-SK (N.D. Cal.); and (3) *Barocas v. TTEC Services Corp.*, Case No. 2:22-cv-00217-JFM (D. Ariz.).

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

**1.23** "Notice Deadline" means that the Notice Program of mailing postcard notice shall commence 30 days after the entry of an order granting preliminary approval.

**1.24** "Notice Program" means the notice program described in Paragraph 4.

**1.25** "Objection Deadline" means 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**1.26** "Opt-Out" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion; (ii) who does not rescind that Request for Exclusion before the Opt-Out Deadline; and (iii) as to which there is not a successful challenge to the Request for Exclusion.

**1.27** "Opt-Out Deadline" means the date by which Settlement Class Members must mail or submit through the settlement website their Request for Exclusion in order for it to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Deadline shall be 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**1.28** "Out of Pocket Expenses" means the following types of expenses actually incurred that are fairly traceable to the Data Security Incident: (a) unreimbursed payment card fees or unreimbursed bank fees, including unreimbursed card reissuance fees, unreimbursed overdraft fees, unreimbursed charges related to unavailability of funds, unreimbursed late fees, unreimbursed over-limit fees and unreimbursed fees relating to an account being frozen or otherwise unavailable due to the Data Security Incident; (b) cell, internet or text charges; (c) unreimbursed costs or charges for obtaining credit reports, credit freezes, or credit monitoring or identity theft protection services (up to two years of coverage) incurred on or after March 31, 2021 through the date of the Settlement Class Member's claim submission during the Claims Period;

(d) other unreimbursed costs associated with fraud or identity theft, including attorneys' fees and accountant fees; and (e) postage costs.

1.29    "Payment Instructions" means: (a) written directions from the Claims Administrator for the payment of any amount, which shall specify: (i) as for any wire transfer payment, the routing, account number, bank name and address and any other pertinent details required for the transfer; and (ii) as for any check payment, the payee of the check; and (b) a W-9 form for the Escrow Account.  The Payment Instructions shall be confirmed by voice phone call by the Claims Administrator and must be approved by Settlement Class Counsel in writing.

1.30    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, or assignees.

1.31    "Personal Information" means information that may have been exposed, compromised, or accessed during the Data Security Incident, including names, dates of birth, healthcare ID numbers, medical information, Social Security numbers and Protected Health Information, as defined by the Health Insurance Portability and Accountability Act of 1996.

1.32    "Preliminary Approval Order" means the Court's order granting, among other things, conditional certification of the Settlement Class, preliminary approval of this Class Settlement Agreement and the settlement, and approval of the form and method of Class Notice, substantially in the form set forth in **Exhibit D**.

1.33    "Released Claims" means any and all claims, causes of action of every kind and description, liabilities, rights, demands, suits, matters, obligations, and damages (including

consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs), whether known or unknown (including Unknown Claims) and whether in law or in equity, that the Settlement Class Members (and the respective heirs, administrators, representatives, attorneys, agents, officers, directors, employees, parents, subsidiaries, administrators, partners, predecessors, successors, assigns, subrogees, insurers, co-insurers, reinsurers and insurance brokers of each of Plaintiffs, Settlement Class Counsel and the Settlement Class Members and all other legal or natural persons who may claim by, through or under them who have not excluded themselves from the Settlement Class) had, have, or may have against TTEC, Health Net, or the Released Parties that result from, arise out of, are based upon, or relate to the Data Security Incident. For the avoidance of doubt, Released Claims include, without limitation, all claims asserted or that could have been asserted in the Litigation or any other suit or pleading in any other court or forum arising out of, based upon, or related in any way to the Data Security Incident, including without limitations, any claims (including common law and statutory claims), actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the alleged theft, exposure, or disclosure of Settlement Class Members' Personal Information; (2) the maintenance and storage of Settlement Class Members' Personal Information; (3) TTEC's information security policies and practices; and/or (4) TTEC's notice or alleged lack of timely notice of the Data Security Incident to Settlement Class Members. "Released Claims" does not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

     **1.34** "Released Parties" means (i) TTEC; (ii) Health Net; and (ii) and their past or

present owners, parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, predecessors, successors, directors, officers, members, shareholders, employees, servants, representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, insurers, reinsurers, subrogees, and includes, without limitation, any Person related to any such entities who is, was or could have been named as a defendant in the Litigation, other than any third-party individual other than Defendants who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge. The Settling Parties expressly acknowledge that all Released Parties are intended beneficiaries of this Class Settlement Agreement.

1.35    "Representative Plaintiffs" mean Plaintiffs Yolanda Beasley, Kimberly Shears-Barnes, Sheneequa Carrington, Jolynn Frost, David Anderson, David Barocas, and Brent Let.

1.36    "Request for Exclusion" means a fully completed and properly executed written request that is timely delivered to the Claims Administrator by a Settlement Class Member under Paragraph 5 of this Class Settlement Agreement and is postmarked or submitted through the settlement website on or before the Opt-Out Deadline. For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must: (a) state the Settlement Class Member's full name, address, and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class

Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

**1.37** "Service Award" means such funds as may be awarded by the Court to the Representative Plaintiffs for their service as Representative Plaintiffs.

**1.38** "Settlement Class" means all individuals within the United States (1) whose protected health information or personal identifying information was stored, possessed or controlled by TTEC; and (2) who were affected by the TTEC data security incident that occurred in approximately March to September of 2021. Excluded from the Settlement Class is any judge presiding over the Litigation and any members of their first-degree relatives, judicial staff, and persons who timely and validly request exclusion from the Settlement Class.

**1.39** "Settlement Class Counsel" means:  Jean S. Martin of MORGAN & MORGAN; Gary M. Klinger of MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC; and Scott Edward Cole of COLE & VAN NOTE.

**1.40** "Settlement Class Member(s)" means a member(s) of the Settlement Class.  There are approximately 197,000 Settlement Class Members.

**1.41** "Settlement Costs" means all costs of the settlement including the costs of carrying out the Notice Program, as set forth in Paragraph 4, Claims Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative Plaintiffs and all other expenses or costs related to the settlement including the costs of serving notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and Award payments to the Settlement Class Members.

**1.42** "Settlement Fund" means $2,500,000.00, which shall be the only amount paid by Defendants and the sole and exclusive source of all Settlement Costs and Award payments to Settlement Class Members, Administrative Costs, Service Awards, and Attorneys' Fees and Expenses.

**1.43**   "Settling Parties" means, collectively, TTEC, Health Net, and Representative Plaintiffs, individually and on behalf of the Settlement Class.

**1.44**   "TTEC" means Defendant TTEC Services Corporation.

**1.45**   "Unauthorized Activity Period" means the time from and including March 31, 2021 through and including the Claims Filing Deadline.

**1.46**   "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Representative Plaintiffs, does not know or suspect to exist in his or her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision to participate in this Class Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Members, including Representative Plaintiffs, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs expressly shall have, and

each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.

**1.47**    All time periods described in terms of "days" shall be in calendar days unless otherwise expressly stated.

2.    <u>**S**ETTLEMENT **C**ONSIDERATION</u>

**2.1**    In consideration for the releases contained in this Class Settlement Agreement, and as a direct result of the Litigation, and without admitting liability for any of the alleged acts or omissions alleged in the Litigation, and in the interests of minimizing the costs inherent in any litigation, TTEC will perform all the following:

**2.2**    TTEC will pay the Settlement Fund to the Claims Administrator as follows: (a) within ten (10) business days following entry of the Preliminary Approval Order and receipt of Payment Instructions, TTEC will pay and advance the amounts reasonably necessary to pay for the Notice Program and settlement administration which amount shall be determined and requested by the Claims Administrator and approved by Settlement Class Counsel, and which advances will be credited against the Settlement Fund; and (b) TTEC will pay the balance of the Settlement Fund into the Escrow Account by or before the Funding Date.  Under no circumstances will Defendants or any of the Released Parties be required to make any other payments under this Settlement Agreement or otherwise in consideration of the releases set forth herein.

**2.3**    Each Settlement Class Member who files a valid claim will be eligible for one cash payment.  If more than one valid claim is submitted, the largest valid claim filed will be processed and the remaining claims will be denied as duplicative.   No payment under this Settlement

Agreement shall be made for emotional distress, personal/bodily injury, or punitive damages; any such amounts are not recoverable under the Settlement Agreement

2.4    Settlement Class Members may make a Settlement Claim for: (i) identity-theft protection services, as described further in ¶ 2.4.1; (ii) a Basic Award of $100.00, subject to upward or downward proration as described in ¶ 2.7; and (ii) a Reimbursement Award.  In addition, as explained in ¶ 2.4.4, California Settlement Subclass members are also eligible to receive a California Subclass Award payment of $100.00 in recognition of their California Confidentiality of Medical Information Act ("CMIA") claim, subject to proration up or down as described in ¶ 2.7, regardless of whether they also receive a Basic Award, identity theft protection services, and/or a Reimbursement Award.

2.4.1    *Identity-Theft Protection.*  Every Settlement Class Member who submits a valid claim is eligible to receive 36 months of free identity-theft protection services, called "Financial Shield" by Aura, a.k.a. Pango.  Settlement Class Members can elect to enroll in these services on the Claim Form.  Members of the Settlement Class who opted to receive the one year of credit monitoring initially offered by TTEC remain eligible to enroll in the additional "Financial Shield" service. "Financial Shield" includes, at least, the following, or similar, services:

1.    Up to $1,000,000 reimbursement insurance through AIG covering losses due to identity theft and stolen funds;

2.    Financial transaction monitoring, including monitoring of all financial accounts registered by the Settlement Class Member, such as credit card accounts, bank accounts (checking and savings) and investment accounts, for transactions exceeding selected thresholds;

3.    Continuous monitoring for high-risk transactions, including payday loans, wire transfers, and account openings, that involve the Settlement Class Member's personal information;

4.    Notification of attempts to use the Settlement Class Member's Social Security number as part of an identity verification event, such as requesting a replacement credit or debit card; filing an insurance claim; updating personal information on an existing account; and/or opening a new account;

5.    Fictitious identity monitoring, which notifies the Settlement Class Member when his or her Social Security number is being used in association with someone else's name and/or address;

6.    Online tax fraud monitoring and alerts, which monitors online income tax filings through TurboTax and alerts the Settlement Class Member if a tax return is filed using his or her Social Security number;

7.    Home title monitoring, including monitoring properties identified by a Settlement Class Member and notifying the Settlement Class Member when an existing property title is changed, removed, or new titles are added to his or her name;

8.    Dark web monitoring, which monitors the dark web for the Settlement Class Member's personal information;

9.     Public record monitoring, which monitors public records for address changes, automotive tickets, and arrests associated with the Settlement Class Member's name and Social Security number;

10.    Credit security freeze assistance, which provides the Settlement Class Member a central location to link to one of ten different consumer reporting agencies to freeze and unfreeze his or her credit files; and

11.    Lost wallet protection, which provides a customer support line where the Settlement Class Member can receive help in canceling and replacing lost credit cards.

**2.4.2** *Basic Award*. Every Settlement Class Member who submits a valid claim is eligible to receive a Basic Award. A Basic Award will initially be set at $100.00 per Settlement Class Member, as identified by TTEC's records, is subject to upward or downward proration, and will be paid regardless of whether the claimant experienced any fraudulent or unauthorized activity, any identifiable losses, or any identity theft as a result of the Data Security Incident.

**2.4.3** *Reimbursement Award*. A Settlement Class Member who incurred unreimbursed unauthorized or fraudulent charges or Out of Pocket Expenses fairly traceable to the Data Security Incident and submits a valid claim for a Reimbursement Award shall be eligible to receive a Reimbursement Award consisting of reimbursement of up to $5,000.00. In assessing what qualifies as "fairly traceable," the Claims Administrator shall consider (i) whether the timing of the expenses occurred during the Unauthorized Activity Period; and (ii) any other information provided by the Settlement Class Member supporting that reimbursement is appropriate in accordance with the terms of this Agreement.

2.4.4    *California Subclass Award*.  Every California Settlement Subclass member is eligible to receive a CMIA payment in the amount of $100.00, subject to upward or downward proration, regardless of whether he or she experienced any fraudulent or unauthorized activity or losses, or any identity theft as a result of the Security Incident.  This amount is in addition to all other awards for which California Settlement Subclass Members may be eligible.  California Settlement Subclass members must attest on their Approved Claim forms that they were a California resident on December 8, 2021.

2.5    Settlement Class Members seeking an award under this Agreement must complete and submit a written Claim Form to the Claims Administrator, postmarked or submitted electronically on or before the Claims Filing Deadline.  The Claim Form must: (a) be signed by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her belief; and (b) provide appropriate documentation where required by the Claim Form.  Failure to provide supporting documentation as requested as set forth in ¶ 2.6 or as requested on the Claim Form or by the Claims Administrator shall result in denial of a Settlement Claim.

2.6    *Additional Information Required for a Reimbursement Award of Out of Pocket Expenses*.  A Settlement Class Member seeking a Reimbursement Award for Out of Pocket Expenses must provide: (i) documentation sufficient to show unauthorized charges or other losses experienced during the Unauthorized Activity Period that were not reimbursed or denied and all claimed losses from such charges; (ii) documentation that enables the Claims Administrator to determine that the Out of Pocket Expenses were fairly traceable to the Data Security Incident; and (iii) an attestation that the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the loss, including from the applicable bank or payment card servicer and

through exhaustion of any available credit monitoring insurance and identity theft insurance, but has been unsuccessful.

    **2.7**    *Pro Rata Increase/Reduction and Residual Funds*:  The Claims Administrator shall adjust the payment amount of all Awards as follows:

    **2.7.1**    If, after the Effective Date, the total dollar value of all approved claims is less than the amount remaining in the Settlement Fund necessary to cover valid Basic Awards, the cost of the "Financial Shield" identity-theft protection services, Reimbursement Awards, valid California Subclass Awards, the Attorneys' Fees and Expenses Award, Service Awards, and notice and Claims Administration costs, the payment amount for all Approved Claims under this Agreement shall be increased *pro rata* among all Settlement Class Members who submitted Approved Claims for Basic Awards and California Subclass Awards until the amounts remaining in the Settlement Fund are exhausted (or as nearly as possible).  These *pro rata* determinations shall be performed by the Claims Administrator.

    **2.7.2**    If, after the Effective Date, the total dollar value of all approved claims exceeds the amount remaining in the Settlement Fund necessary to cover valid Basic Awards, the cost of the "Financial Shield" identity-theft protection services, Reimbursement Awards, valid California Subclass Awards, the Attorneys' Fees and Expenses Award, Service Awards, and notice and Claims Administration costs, the payment amount for all Approved Claims shall be reduced *pro rata* among all Settlement Class Members who submitted Approved Claims for Basic Awards and California Subclass Awards.  These *pro rata* determinations shall be performed by the Claims Administrator.

    2.8.    *Security Enhancements*: As part of the settlement and pre-mediation discovery, TTEC disclosed that it has made significant investments in continuing to improve its data security.

Defendant will prepare and provide to Plaintiffs' Counsel a confidential declaration outlining these security enhancements, thus assuring that Settlement Class Members' confidential data will be protected in the future.

## 3     PRELIMINARY SETTLEMENT APPROVAL AND FINAL APPROVAL

3.1     As soon as practicable after the execution of the Class Settlement Agreement, Settlement Class Counsel shall file a motion seeking entry of a Preliminary Approval Order ("Motion for Preliminary Approval"). A proposed Preliminary Approval Order shall be submitted with the Motion for Preliminary Approval and shall be substantially in the form set forth in **Exhibit D**. The Motion for Preliminary Approval shall request that the Court, *inter alia*:

    a)   Stay all proceedings in the Litigation other than those related to approval of the Class Settlement Agreement;

    b)   Stay and/or enjoin, pending Final Approval of the Class Settlement Agreement, any actions brought by Settlement Class Members concerning the Released Claims;

    c)   Preliminarily certify the Settlement Class and the California Settlement Subclass for settlement purposes only;

    d)   Preliminarily approve the terms of the Class Settlement Agreement as fair, adequate, and reasonable;

    e)   Appoint Representative Plaintiffs as the Settlement Class representatives for settlement purposes only;

    f)   Appoint Settlement Class Counsel as counsel for the Settlement Class for settlement purposes only;

    g)   Approve the notice program, as set forth in Paragraph 4 herein and set the dates

for the Claims Filing Deadline, Opt-Out Deadline, and Objection Deadline;

h) Approve the form and contents of a long form notice ("Long Notice") to be posted on the settlement website substantially similar to the one attached hereto as **Exhibit B**, and a Summary Notice to be sent via First Class Mail to Settlement Class Members ("Summary Notice"), substantially similar to the one attached hereto as **Exhibit C**, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Class Settlement Agreement, instructions for how to object to or submit a Request for Exclusion from the settlement, the process and instructions for filing a Claim Form, and the date, time and place of the Final Approval Hearing;

i) Approve a Claim Form substantially similar to that attached hereto as **Exhibit A**;

j) Appoint a Claims Administrator;

k) Set deadlines for objections, requests for exclusion, a motion for final approval, and briefing in support of final approval by the Settling Parties; and

l) Schedule the Final Approval Hearing on a date at least 100 days from the date of the Preliminary Approval Order.

**3.2** Defendants will not object to the entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Class Settlement Agreement as **Exhibit D** and is otherwise consistent with this Class Settlement Agreement.

3.3     Settlement Class Counsel and TTEC shall request that the Court hold a Final Approval Hearing after notice is completed and at least 30 days after the Opt-Out Deadline and Objection Deadline, and at least 100 days after the date of the Preliminary Approval Order.

3.4     Settlement Class Counsel and the Representative Plaintiffs shall move for final approval on or before the deadline set by the Court.  Defendants shall not object to the motion for final approval, but may file briefing in support of final approval or in opposition to any objections by the deadline set by the Court.

3.5     The proposed Final Approval Order shall be filed with the motion for final approval, shall be substantially in the form attached hereto as **Exhibit E** and shall, among other things:

a)  Determine the Class Settlement Agreement is fair, adequate, and reasonable;

b)  Finally certify the Settlement Class and California Settlement Subclass for settlement purposes only;

c)  Determine that the Notice Program satisfies Rule 23 and due process requirements;

d)  Dismiss all claims in *Beasley, et al. v. TTEC Services Corp.*, Case No. 22-cv-00097-PAB-NYW (D. Colo.) and *Anderson v. TTEC Services Corp.*, Case No. 22-cv-00347-PAB-NYW (D. Colo.) with prejudice;

e)  Bar and enjoin any Settlement Class Members who did not timely opt out in accordance with the requirements of this Class Settlement Agreement from asserting any of the Released Claims; and

f)  Release and forever discharge TTEC and the Released Parties from the Released Claims, as provided for in this Class Settlement Agreement.

4    **NOTICE PROGRAM**

**4.1**    Within ten (10) days of the filing of the Motion for Preliminary Approval, or such earlier time as this Class Settlement Agreement is filed with the Court, the Claims Administrator shall serve a letter and accompanying materials to be provided by Defendants' Counsel on the Attorney General of the United States and each state Attorneys General or others, all as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).  The Claims Administrator shall provide, and Defendants shall cause to be filed with the Court, a declaration evidencing such service.

**4.2**    Within fifteen (15) days of entry of the Preliminary Approval Order, TTEC will provide the Claims Administrator with a list of Settlement Class Members which will include, to the extent available, the name and physical mailing address of each Settlement Class Member. The Claims Administrator shall cause notice to be disseminated to the Settlement Class Members pursuant to the Preliminary Approval Order and the Notice Program as described below, and in compliance with all applicable laws, including, but not limited to, the Due Process clause of the United States Constitution and Federal Rule of Civil Procedure 23, and be effectuated pursuant to the provisions set forth below, the costs of which shall be a Settlement Cost. The Claims Administrator must maintain the list of Settlement Class Members in strict confidence and may not share the list with anyone other than TTEC.  The Claims Administrator must enter into a confidentiality agreement and data security agreement as reasonably specified by TTEC.

**4.3**    Class Notice shall be provided to the Settlement Class as follows:

**4.3.1**    Within fifteen (15) days after receiving the Settlement Class list from TTEC, the Claims Administrator shall send the Summary Notice on a postcard via First Class U.S. Mail, postage pre-paid, to Settlement Class Members (the "Notice Deadline"). Within twenty (20) days after sending such mail, the Claims Administrator shall undertake reasonable efforts to

confirm the address, and to resend notice, for any Settlement Class Members for which the Claims Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered.

         **4.3.2**    Within seven (7) days after receiving the Settlement Class list from TTEC, the Claims Administrator shall establish a dedicated settlement website that includes this Class Settlement Agreement, the Long Notice, and the Claim Form approved by the Court. Settlement Class Counsel shall propose the format and content of the settlement website for approval by Defendants' Counsel, which shall not be unreasonably withheld. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the settlement website copies of the motion for final approval of the Class Settlement Agreement, and the motion for an Attorneys' Fees and Expenses Award and a Service Award. A toll-free number with interactive voice response and FAQs shall also be made available to address Settlement Class Members' inquiries. The settlement website shall not include any advertising and shall remain operational until thirty (30) days following the Effective Date, at which time the Claims Administrator shall terminate the settlement website and transfer ownership of the URL to TTEC.

       **4.4**    The Notice Program shall be subject to approval by the Court as meeting the requirements of due process and Rule 23(c) of the Federal Rules of Civil Procedure.

       **4.5**    The Long Notice, Summary Notice, and Claim Form approved by the Court may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and necessary, so long as it is not inconsistent with such approval and does not materially alter the language approved by the Court.

       **4.6**    Prior to the Final Approval Hearing, Counsel for the Settling Parties shall cause to

be filed with the Court an appropriate declaration from the Claims Administrator demonstrating compliance with the Court-approved Notice Program.

## 5    OPT-OUT PROCEDURES

5.1     Each Settlement Class Member wishing to exclude themselves from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated by the Claims Administrator.

5.2     To be effective, a Request for Exclusion must be postmarked no later than 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

5.3     Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions. Settlement Class Counsel may file these materials with the Court, with any Personal Information other than names and cities and states of residence redacted, no later than 7 days prior to the Final Approval Hearing.

5.4     All persons who opt out of the Settlement Class shall not receive any benefits of or be bound by the terms of this Class Settlement Agreement. All persons falling within the definition of the Settlement Class who do not opt out shall be bound by the terms of this Class Settlement Agreement and the Final Approval Order entered thereon.

## 6    OBJECTION PROCEDURES

6.1     Each Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to

send their written objections only to the Court. The Notice shall make clear that the Court can only approve or deny the Class Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections.

6.2     All such notices of an intent to object to the Class Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

6.3     To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

6.4     Except upon a showing of good cause, any Settlement Class Member who fails to substantially comply with the requirements in this Paragraph 6 for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Class Settlement Agreement, and shall be bound by all the terms of the Class Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the

Class Settlement Agreement shall be through the provisions of this Paragraph 6.

7       **CLAIMS ADMINISTRATION**

7.1     The Claims Administrator shall administer and calculate the Settlement Claims submitted by Settlement Class Members.  All Settlement Claims must be submitted on or before the Claims Filing Deadline to be deemed timely. The determination by the Claims Administrator of the validity or invalidity of all Settlement Claims shall be binding. The Claims Administrator shall periodically provide Settlement Class Counsel and TTEC counsel with reports as to both settlement claims and distribution, and they shall have the right to obtain and review supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.

7.2     For each settlement claim submitted and received, the Claims Administrator, in its sole discretion (to be reasonably exercised), will determine whether: (1) the claimant is a Settlement Class Member and, if applicable, and California Settlement Subclass Member; and (2) that the claimant has provided all information required to complete the Claim Form by the Claims Filing Deadline, including but not limited to information required under Paragraph 2. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to adequately evaluate the settlement claim. All information provided to the Claims Administrator will be deemed confidential by the Claims Administrator.

7.3     The Claims Administrator shall determine whether a claimant's Claim Form, along with supporting materials, are sufficient to support a claim. If the Claims Administrator should receive an incomplete Claim Form or a Claim Form with insufficient documentation to determine whether the claimant is a Settlement Class Member or, if applicable, a California Settlement Subclass member, the Claims Administrator shall request additional information and give the

claimant twenty-one (21) days to cure any defect(s) before rejecting a settlement claim. The Claims Administrator shall make requests for additional information within twenty-one (21) days after the Claims Filing Deadline. If a Settlement Class Member fails to correct all deficiencies within twenty-one (21) days from receiving a request for additional information, the Claims Administrator shall deny the claimant's settlement claim and the claimant will not be entitled to an Award.

7.4    After receiving additional information, the Claims Administrator shall have thirty (30) days to accept or reject each settlement claim. If, after review of the settlement claim and all documentation submitted by the claimant, the Claims Administrator determines that such a settlement claim is valid, then the settlement claim shall be paid within the time period provided in this Paragraph. If the settlement claim remains invalid because the claimant does not provide the requested information needed to complete the Claim Form and evaluate the settlement claim, then the Claims Administrator may reject the settlement claim without any further action apart from providing a notice of rejection of the settlement claim.

7.5    No Person shall have any claim against the Claims Administrator, Defendants, the Released Parties, or their counsel, Settlement Class Counsel, and/or the Representative Plaintiffs based on distribution of Awards to Settlement Class Members or to the *cy pres* recipient referenced in this Agreement, if applicable.

7.6    The Claims Administrator shall agree to hold the Settlement Funds in an interest-bearing Qualified Settlement Fund account, and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined by Treasury Regulation § 1.46B-1, *et seq*., and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible.

The Claims Administrator shall prepare any required tax returns and pay any taxes owed by the Settlement Fund out of the Settlement Fund.  Except for funding the Settlement Fund, TTEC shall not have any other financial obligation under the Class Settlement Agreement. In addition, under no circumstances will TTEC have any liability for taxes or tax expenses under this Class Settlement Agreement.

      **7.7**      The Claims Administrator will send funds electronically (in an electronic payment format recommended by the Claims Administrator, such as PayPal or Venmo, and agreed-upon by the Parties) for Approved Claims within the later of thirty (30) days after the Effective Date or thirty (30) days after all disputed claims have been resolved. No distributions will be made without authorization from the Parties. If a Settlement Class Member cannot, or chooses not to, receive funds electronically, award checks shall be sent by U.S.P.S. mail. Award checks (electronic and paper) shall be valid for a period of 180 days from issuance, and shall state, in words or substance that the check must be cashed within 180 days, after which time it will become void. In the event a settlement check becomes void, the Settlement Class Member to whom that settlement check was made payable will forfeit the right to payment and will not be entitled to have the check reissued or to any further distribution from the Settlement Fund or to any further recourse against the Released Parties, and the Agreement and Release will in all other respects be fully enforceable against the Settlement Class Member. No later than 190 days from the issuance of the Award checks, the Claims Administrator shall take all steps necessary to stop payment on any Award checks that remain uncashed.

      **7.8**      If there is any balance remaining in the Settlement Fund ninety (90) days after the Claims Administrator completes the process for stopping payment on any Award checks that remain uncashed, the Settling Parties will return to the Court seeking direction as to the disposition

of these funds, including the selection of a *cy pres* recipient to be approved by the Court. The funds distributed pursuant to the *cy pres* provision set forth in this Paragraph shall not be considered unclaimed property under the laws of Colorado or any other state.

**7.9**    All Settlement Class Members who fail to timely submit a valid settlement claim hereunder within the time frames set forth herein, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving an Award pursuant to this Agreement, but will in all other respects be subject to, and bound by, the provisions of this Agreement, the Releases contained herein and the Final Approval Order.

## 8    RELEASES

**8.1**    Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, whether or not they have received an Award, will be deemed by operation of this Class Settlement Agreement and by operation of the Final Approval Order to have forever fully, finally, completely, and unconditionally released, discharged, and acquitted TTEC, Health Net, and the Released Parties from any and all of the Released Claims, and will be deemed to have also released Unknown Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Agreement as provided herein) in which any of the Released Claims or Unknown Claims are asserted.

**8.2**    Upon entry of the Final Approval Order, each Settlement Class Member, including Representative Plaintiffs, shall be barred from initiating, asserting, or prosecuting against TTEC, Health Net, and any Released Parties any claims that are released by operation of the Class

Settlement Agreement and the Final Approval Order.

**9      SETTLEMENT CLASS COUNSEL'S ATTORNEYS' FEES AND EXPENSES AWARD; REPRESENTATIVE PLAINTIFFS' SERVICE AWARD**

9.1      Settlement Class Counsel may file a motion seeking reasonable attorneys' fees in an amount not to exceed 30 percent (or $750,000.00) of the Settlement Fund.  In addition, Class Counsel may seek their reasonable costs and expenses from the Settlement Fund (not to exceed $20,000).  The entirety of the Attorneys' Fees and Expenses Award shall be payable solely from the Settlement Fund.

9.2      Settlement Class Counsel will also request from the Court a Service Award for each Representative Plaintiff in the amount of Two Thousand Dollars ($2,500.00), to be paid solely from the Settlement Fund. TTEC will not object to Representative Plaintiffs' request for a Service Award payment, unless Representative Plaintiffs' request exceeds the terms outlined in this Agreement.

9.3      Within seven (7) days after the later of the Funding Date or the date the Court approves the Attorneys' Fees and Expenses Award, the Claims Administrator shall pay any Attorneys' Fees and Expenses Award and Service Awards from the Settlement Fund to an account designated by Settlement Class Counsel.  After the Attorneys' Fees and Expenses Award and the Service Awards have been deposited into this account, Class Counsel shall be responsible for distributing the Service Awards to Representative Plaintiffs, and shall have sole discretion in allocating such attorneys' fees and costs, and distributing to each participating Representative Plaintiffs' Counsel firm an allocated share of such attorneys' fees and costs to that firm. Defendants shall have no responsibility for distribution of attorneys' fees or costs among participating firms.

**9.4**      No order of the Court or modification or reversal or appeal of any order of the Court concerning the amounts of the Attorneys' Fees and Expenses Award or the Service Award hereunder shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Class Settlement Agreement.

**9.5**      Defendants shall not be liable for any additional attorneys' fees and expenses of Representative Plaintiffs' Counsel in the Litigation.

**10**      **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

**10.1**      Defendants' willingness to settle this Litigation on a class-action basis and to agree to the accompanying certification of the Settlement Class for settlement purposes is dependent on achieving finality in this Litigation and the desire to avoid the expense of this and other litigation. Consequently, TTEC has the right to terminate this Class Settlement Agreement, declare it null and void, and have no further obligations under this Class Settlement Agreement to the Representative Plaintiffs, the Settlement Class, the California Settlement Subclass, or Settlement Class Counsel, unless each of the following conditions occur:

    a)  The Court has entered a Preliminary Approval Order;

    b)  The Court enters a Final Approval Order; and

    c)  The Effective Date has occurred; and

    d)  The number of Opt-Outs is fewer than 3% of the estimated Settlement Class.

**10.2**      If all of the conditions in Paragraph 10.1 are not fully satisfied and the Effective Date does not occur, this Class Settlement Agreement shall, without notice, be automatically terminated unless Settlement Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Class Settlement Agreement.

**10.3**      In the event that the Class Settlement Agreement is not approved by the Court or

the Class Settlement Agreement is terminated in accordance with its terms: (a) the Settling Parties shall be restored to their respective positions in the Litigation that existed prior to the mediation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court; (b) the terms and provisions of the Class Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Class Settlement Agreement, including certification of the Settlement Class for settlement purposes only, shall be treated as vacated, *nunc pro tunc*; and (c) any amounts in the Escrow Account not due and payable to the Claims Administrator shall be returned to TTEC.  Notwithstanding any statement in this Class Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of any Attorneys' Fees and Expenses Award to Settlement Class Counsel shall constitute grounds for cancellation or termination of the Class Settlement Agreement.

**10.4**    For the avoidance of doubt, Defendants conditionally agree and consent to certification of the Settlement Class for settlement purposes only, and within the context of the Class Settlement Agreement only. If the Class Settlement Agreement, for any reason, is not fully approved or is otherwise terminated, Defendants reserve their right to assert any and all objections and defenses to certification of a class, and neither the Class Settlement Agreement nor any Order or other action relating to the Class Settlement Agreement shall be offered by any Person as evidence or in support of a motion to certify a class for a purpose other than settlement.

## 11   DISMISSAL OF THE ACTION

**11.1**    Representative Plaintiffs, on behalf of themselves and the Settlement Class

Members, consent to the dismissal of this Litigation with prejudice upon the Court's final approval of this Class Settlement Agreement.

**11.2**    Representative Plaintiffs and Representative Plaintiffs' Counsel agree to dismiss the Litigation, including the actions pending in the United States District Court for the Northern District of California captioned, *Lett v. TTEC Services Corp., et al*., Case No. 3:22-cv-00018-SK, and the United States District Court for the District of Arizona captioned, *Barocas v. TTEC Services Corp*., Case No. 2:22-cv-00217-JFM, no later than ten (10) days after the Effective Date. If necessary or requested, Defendants and Defendants' Counsel shall join in the dismissal request.

## 12    MISCELLANEOUS PROVISIONS

**12.1**    The Settling Parties and their counsel acknowledge that it is their intent to consummate this Class Settlement Agreement and agree to undertake their best efforts to effectuate and implement all terms and conditions of this Class Settlement Agreement, including taking all steps and efforts contemplated by this Class Settlement Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise.

**12.2**    The Parties intend this Class Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation and with regard to the Released Parties.  The Class Settlement Agreement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

**12.3** Neither the Class Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Class Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Parties may file the Class Settlement Agreement in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**12.4** The Class Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

**12.5** The Class Settlement Agreement contains the entire agreement between the Settling Parties and supersedes all prior agreements or understandings between them. The terms of the Class Settlement Agreement shall be construed as if drafted jointly by all Settling Parties to this Class Settlement Agreement. The terms of the Class Settlement Agreement shall be binding upon each of the Settling Parties to this Class Settlement Agreement, their agents, attorneys, employees, successors and assigns, and upon all other Persons or entities claiming any interest in the subject matter hereof, including any Settlement Class Member.

**12.6** Released Parties shall not be liable for any additional attorneys' fees, costs or

expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Class Settlement Agreement. Settlement Class Counsel agree to hold Released Parties harmless from any claim regarding the division of any award of attorneys' fees and expenses to Settlement Class Counsel, and any claim that the term "Settlement Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any attorneys' fees awarded to Settlement Class Counsel in this lawsuit.

12.7    The Class Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Colorado, and the rights and obligations of the parties to the Class Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Colorado without giving effect to that State's choice of law principles.

12.8    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Class Settlement Agreement and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Class Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Settling Parties.  The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Class Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Class Settlement Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Claims Administrator.  As part of its agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

12.9    The individuals signing this Class Settlement Agreement on behalf of TTEC and

Health Net represent that they are fully authorized by TTEC and Health Net to enter into, and to execute, this Class Settlement Agreement on their behalf. Representative Plaintiffs' Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for TTEC on behalf of Representative Plaintiffs, and to enter into, and to execute, this Class Settlement Agreement on behalf of the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

**12.10**    None of the Settling Parties to this Class Settlement Agreement shall be considered to be the primary drafter of this Class Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

**12.11**    The Settling Parties agree that this Class Settlement Agreement, and the Final Order following from the Class Settlement Agreement, will not prejudice in any way the Settling Parties' right to raise any of the arguments that the Settling Parties made in this case in any future litigation.

**12.12**    In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Class Settlement Agreement shall continue in full force and effect without said provision to the extent TTEC does not exercise its right to terminate under Paragraph 10.

**12.13**    If applicable, within thirty (30) days after Award payments are funded, Settlement Class Counsel shall destroy all confidential, non-public information obtained in connection with the Litigation and Class Settlement Agreement, and certify the same.

**12.14**    All notices or formal communications under this Class Settlement Agreement shall be in writing and shall be given (i) by hand delivery; (ii) by registered or certified mail, return receipt requested, postage pre-paid; or (iii) by overnight courier to counsel for the Settling Party

to whom notice is directed at the following addresses, and also send a copy by electronic mail:

For the Representative Plaintiffs and the Settlement Class:

Jean S. Martin
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 559-4908
jeanmartin@ForThePeople.com

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-247-0047
gklinger@milberg.com

Scott Edward Cole.
COLE & VAN NOTE
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
sec@colevannote.com

For TTEC and Health Net:

Gregory T. Parks
Kristin M. Hadgis
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5170
gregory.parks@morganlewis.com
Kristin.hadgis@morganlewis.com

Counsel may designate a change of the person to receive written notice or a change of address, from time to time, by giving written notice to all Settling Parties in the manner described in this Paragraph.

    **12.15**   Settlement Class Counsel, Representative Plaintiffs, Defendants, and Defendants'

Counsel may execute this Class Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Settling Parties had signed the same instrument. Facsimile and scanned signatures shall be considered as valid signatures as of the date signed. This Class Settlement Agreement shall not be deemed executed until signed by all Representative Plaintiffs, Settlement Class Counsel, and by counsel for and representative(s) of Defendants.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Agreement to be executed on their behalf by their duly authorized officers or counsel of record, all as of the day set forth below:

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Dated:        September 15, 2022        TTEC Services Corporation, by:

DocuSign by:

**REGINA PAOLILLO**

55CD3F452D114EC...                    _____

Regina Paolillo
Global Chief Operating Officer


Dated:        September 15, 2022        Health Net, LLC, by:


_____

Chris Koster
Senior Vice President, Secretary and General
Counsel

Dated:    September 15, 2022    TTEC Services Corporation, by:


_____

Regina Paolillo
Global Chief Operating Officer


Dated:    September 15, 2022    Health Net, LLC, by:


_____

Christopher A. Koster
Executive Vice President, Secretary and
General Counsel

Dated:  September  15 , 2022

_Jean Martin_
1B026FEC27D240F...

Jean S. Martin
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 559-4908
jeanmartin@ForThePeople.com

*Attorneys for Plaintiffs Yolanda Beasley,*
*Kimberly   Shears-Barnes,   Sheneequa*
*Carrington, and Jolynn Frost*

000F24166881408...

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
  **PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-247-0047
gklinger@milberg.com

*Attorneys for Plaintiff David Anderson*

_Scott Cole_
9597BE1026FD424...

Scott Edward Cole, Esq.
Laura Grace Van Note, Esq.
Cody Bolce, Esq.
Andria Jaramillo
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone:   (510) 891-9800
Facsimile:   (510) 891-7030
sec@colevannote.com
lvn@colevannote.com
cab@colevannote.com
ajj@colevannote.com

*Attorneys for Plaintiff Brent Lett*

D4D4A9A59695490...

M. ANDERSON BERRY
GREGORY HAROUTUNIAN
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP**.
865 Howe Avenue
Sacramento, CA 95825
Telephone:  (916) 239-4778

_Gregory T. Parks_
3B3216F417BA4D6...

Gregory T. Parks
Kristin M. Hadgis
**Morgan, Lewis & Bockius LLP**
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5170
gregory.parks@morganlewis.com

*Attorneys for Defendants*
*TTEC   SERVICES   CORPORATION   AND*
*HEALTH NET, LLC*

DocuSign Envelope ID: A3B87BA2-F728-4CC3-A0A5-0CA86E1F4015

Facsimile:   (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com

BETSY C. MANIFOLD
RACHELE R. BYRD
OANA CONSTANTIN
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
constantin@whafh.com

*Attorneys for Plaintiff David Barocas*